MARY K. BROEKER, Independent Ex'r of the Estate of John W. Broeker, Deceased, Plaintiff-Appellant, v. NORBERT D. TURVILLE *et al.*, Defendants-Appellees (Birdie L. Dixon *et al.*, Defendants).

First District (3rd Division)   No. 1—92—4120

Opinion filed December 29, 1993.

Corboy & Demetrio, P.C., of Chicago (Philip H. Corboy and David A. Novoselsky, of counsel), for appellant.

Pretzel & Stouffer, Chartered, of Chicago (Robert Marc Chemers and Donald J. Kindwald, of counsel), for appellees.

PRESIDING JUSTICE TULLY delivered the opinion of the court:

Plaintiff, Mary K. Broeker, independent executor of the estate of John W. Broeker, petitions this court pursuant to Supreme Court Rule 306(a)(1)(iv) (134 Ill. 2d R. 306(a)(1)(iv)) to grant her leave to appeal from an order of the circuit court of Cook County granting the motion of defendants, Norbert D. Turville (Turville) and JMS Concrete Construction, Inc. (JMS), to transfer venue in this cause from Cook County to Du Page County based on the doctrine of *forum non conveniens*.

We grant plaintiff's petition for leave to appeal and reverse and remand.

## FACTUAL BACKGROUND

This cause arises from an automobile accident that occurred near the intersection of Route 59 and Butterfield Road in Warrenville,

Du Page County, Illinois. John Broeker, plaintiff's decedent, was a resident of Naperville, Du Page County, Illinois.

On May 16, 1991, decedent was driving southbound on Route 59 when a northbound truck owned by JMS, driven by Turville, crossed the median and struck decedent's car. Following the accident, decedent was taken to the hospital, where he died as a result of the injuries he sustained in the collision.

Birdie Dixon (Dixon), a resident of Cook County, was driving behind decedent's vehicle in another car insured by defendant Maurice Hall, a resident of Cook County. Dixon's vehicle crashed into the rear of decedent's automobile.

Kenneth Ottavi (Ottavi), a resident of Du Page County, was minimally involved with the accident. According to the police report, while Ottavi suffered no visible physical injury, the front end of his car sustained damage of over $250.

There were two witnesses to the occurrence, Marge J. Pack and Carla Arnold, both Du Page County residents.

On March 26, 1992, plaintiff filed a complaint in the circuit court of Cook County against defendants. On May 15, 1992, JMS and Turville filed a motion to dismiss or in the alternative for a transfer of venue based on the doctrine of *forum non conveniens*. The motion was supported by a copy of plaintiff's complaint and an affidavit executed by Juli M. Sterne (Juli), the president of JMS, stating that JMS's principal place of business was located in West Chicago, Du Page County, Illinois, and that Turville was an employee of JMS and operating a JMS vehicle at the time of the collision. In addition, JMS and Turville attached to the motion various police and accident reports relating to the incident.

Subsequent to the filing of the motion, plaintiff was granted leave to take the discovery deposition of Juli. In exhibits attached to Juli's deposition, it was shown that JMS had numerous jobsites in Cook County.

### ISSUE PRESENTED FOR REVIEW

The sole issue to be determined in this appeal is: Did the trial court err in granting defendants' motion for change of venue based upon the doctrine of *forum non conveniens*?

### OPINION

■ "The doctrine of *forum non conveniens* is an equitable doctrine that assumes the existence of more than one forum with jurisdiction over the parties and the subject matter of a case." (*Griffith v. Mitsubishi Aircraft International, Inc.* (1990), 136 Ill. 2d 101, 105, 554 N.E.2d

209.) The doctrine's application invokes principles of fairness and convenience in selecting between two or more forums that have jurisdiction over a case. (*Foster v. Chicago & North Western Transportation Co.* (1984), 102 Ill. 2d 378, 382, 466 N.E.2d 198.) In addressing a *forum non conveniens* question, courts must balance private interest factors affecting the litigants and public interest factors affecting the administration of the courts. *Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 223-24, 506 N.E.2d 1291.

Private interest factors included are the convenience of the litigants, the relative ease of access to sources of proof, witness accessibility, and all other practical problems that make the trying of a case easy, expeditious and inexpensive. *McClain v. Illinois Central Gulf R.R. Co.* (1988), 121 Ill. 2d 278, 288-89, 520 N.E.2d 368.

Public interest factors to be considered are the administrative difficulties that occur when litigation is handled in congested venues, the unfairness of imposing jury duty upon residents with no connection to the case, and an interest in having localized controversies decided locally. *Griffith*, 136 Ill. 2d at 106.

Under the doctrine of *forum non conveniens,* a further consideration is deference to the plaintiff's choice of forum. The plaintiff's right to choose the forum is a substantial one, and unless the factors strongly weigh in favor of transfer, such choice of forum should be disturbed rarely. (*Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 372-73, 444 N.E.2d 157.) However, the plaintiff's choice of forum deserves less deference where the plaintiff is not a resident of the chosen forum. The assumption is that, when the plaintiff's home forum is chosen, this choice is convenient. However, when the plaintiff is foreign, this assumption is much less reasonable. *Griffith*, 136 Ill. 2d at 106.

A trial court's decision in ruling on a *forum non conveniens* motion will be reversed only if it is shown that the court abused its broad discretion in weighing the relevant considerations. *Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 118, 497 N.E.2d 745.

■ Upon review of the record in this case, we conclude that the trial court abused its discretion in granting JMS and Turville's motion to transfer venue to Du Page County. After applying the relevant factors to the case *sub judice,* we find that they do not weigh strongly in favor of transfer to Du Page County.

We begin our analysis with an examination of the relevant private interest factors. First, we believe that a trial in Cook County would not obstruct the parties' access to sources. JMS and Turville urge that all documentation with respect to the accident, the police

investigation and treatment of decedent will be found in Du Page County, *viz.*, the accident report prepared by the Warrenville police department, the fact that Turville was taken to Central Du Page Hospital, the JMS vehicle was taken to the Warrenville impound lot, decedent was taken to Edward Hospital in Naperville, Dixon was taken to Edward Hospital and Ottavi was taken to Central Du Page Hospital. However, JMS and Turville fail to explain how producing the aforementioned documentation in Cook County will result in any undue expense or inconvenience. As for the accessibility of witnesses, we perceive no greater inherent difficulty with obtaining the attendance of witnesses at the Daley Center than at the Du Page County courthouse 24 miles away. Nor do we discern any other practical problems associated with litigating this cause in Cook County.

We now turn to the public interest factors involved. JMS and Turville assert that the public interest factors weigh strongly in favor of transfer to Du Page County. JMS and Turville argue that Du Page County has a greater interest in this litigation than does Cook County because the accident occurred within Du Page County's borders and thus it has an interest in regulating its highways and protecting its residents. Additionally, JMS and Turville assert that the circuit court in Cook County is more congested than is the circuit court in Du Page County.

While we agree that Du Page County has an interest in determining this litigation, we do not believe that Cook County is as wholly devoid of such an interest as JMS and Turville assert. The record clearly demonstrates that JMS did significant business in Cook County. In fact, the JMS vehicle involved in this accident had on the day of the accident earlier been in Cook County on business. Moreover, defendant Dixon is a Cook County resident. Surely, Cook County has an interest in regulating the activities of its residents on our State's highways. With regard to court congestion, as our supreme court noted in *Griffith*, this "factor alone is not enough to justify transfer of th[is] case[ ] to Du Page County." *Griffith*, 136 Ill. 2d at 114.

Thus, after weighing the above factors in light of the fact that plaintiff is not a resident of Cook County, we conclude that the trial court erred in granting the motion for change of venue based on the doctrine of *forum non conveniens* as such factors do not strongly weigh in favor of transfer.

## DISPOSITION

Accordingly, we reverse the order granting JMS and Turville's motion for change of venue and remand this cause to the circuit

court of Cook County for further proceedings consistent with this decision.

Reversed and remanded.

RIZZI and GREIMAN, JJ., concur.