IRENE HERNANDEZ, as Temporary Guardian of the Estate and Person of Michael A. Hernandez, a Disabled Person, Plaintiff-Appellant, v. KARLIN FOODS CORPORATION *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—00—2379

Opinion filed May 4, 2001.—Rehearing denied June 28, 2001.

Anesi Ozmon Rodin Novak & Kohen, Ltd., of Chicago (Mark Novak, Joseph J. Miroballi, and Andrew M. DeLuca, of counsel), for appellant.

Tressler Soderstrom Maloney & Priess, of Wheaton (Mary K. Cronin, of counsel), for appellees.

JUSTICE O'BRIEN delivered the opinion of the court:

Plaintiff, Irene Hernandez, appeals the order of the circuit court transferring venue pursuant to the doctrine of intrastate *forum non conveniens*. We affirm.

Defendant Karlin Foods Corporation (Karlin) contracted with defendant Vern E. Lundberg, Inc. (Lundberg), for construction of a distribution center in Lee County. Lundberg hired Professional Steel to erect the structural steel for the project. On October 18, 1999, Michael Hernandez, an employee of Professional Steel, fell at the construction site in Lee County and incurred extensive injuries, including brain damage and paraplegia.

Immediately after the accident, Hernandez received treatment at St. Anthony Medical Center in Rockford, Winnebago County. Later that day, he was transferred to Rockford Memorial Hospital in Winnebago County, where he remained for almost one month. Hernandez was then transferred to Vencor Hospital in Sycamore, De Kalb County, where he remained for about four weeks before being transferred to the Rehabilitation Institute of Chicago, where he stayed for 2¹/₂ months. Hernandez is currently being treated at the Center for Comprehensive Services in Carbondale, Jackson County.

Plaintiff, as temporary guardian of the estate and person of Hernandez, filed a negligence action in Cook County against defendants. Defendants filed a motion to transfer the cause to Lee County under the doctrine of *forum non conveniens*. The circuit court granted defendants' motion. Plaintiff appeals pursuant to Supreme Court Rule 306(a)(2) (155 Ill. 2d R. 306(a)(2)).

■ *Forum non conveniens* is an equitable doctrine that assumes the existence of more than one forum with jurisdiction over the parties and the subject matter of a case. *Broeker v. Turville*, 257 Ill. App. 3d 389, 391 (1993). Application of the doctrine invokes principles of convenience and fairness in selecting between the two or more forums that have jurisdiction. *Griffith v. Mitsubishi Aircraft International, Inc.*, 136 Ill. 2d 101, 105 (1990). Defendant bears the burden of proving the plaintiff's choice of forum is inconvenient to the defendant and another forum is more convenient to all parties. *Whirlpool Corp. v. Certain Underwriters at Lloyd's London*, 295 Ill. App. 3d 828, 837 (1998).

■ Under the *forum non conveniens* doctrine, courts must balance private interest factors affecting the litigants and public interest factors affecting the administration of the courts. *Broeker*, 257 Ill. App. 3d at 392. The private interest factors include: relative ease of access to sources of proof; the accessibility of witnesses; the possibility of a jury view of the premises; and all other practical problems that make a trial easy, expeditious, and inexpensive. *Roberts v. Illinois Power Co.*, 311 Ill. App. 3d 458, 460-61 (2000). The public interest factors include: the relative court congestion; the imposition of jury duty upon residents of a county with little or no connection to the litigation; and an interest in having localized controversies decided locally. *Griffith*, 136 Ill. 2d at 106. The doctrine of *forum non conveniens* is a flexible one that requires evaluation of the total circumstances rather than concentration on any single factor. *Peile v. Skelgas, Inc.*, 163 Ill. 2d 323, 336-37 (1994).

■ Plaintiff's right to choose the forum is a substantial one, and unless the factors strongly weigh in favor of transfer, plaintiff's choice of forum should rarely be disturbed. *Broeker*, 257 Ill. App. 3d at 392. However, plaintiff's choice of forum is accorded less deference when, as here, plaintiff does not reside in the county she has chosen and the situs of the injury is not located in the chosen forum. *Elling v. State Farm Mutual Automobile Insurance Co.*, 291 Ill. App. 3d 311, 314 (1997).

■ The reviewing court will not disturb the circuit court's granting or denying a *forum non conveniens* motion absent an abuse of discretion. *Elling*, 291 Ill. App. 3d at 314. An abuse of discretion oc-

curs when the circuit court acts arbitrarily, fails to employ conscientious judgment and ignores recognized principles of law. *Elling*, 291 Ill. App. 3d at 317.

■ No abuse of discretion occurred here. The circuit court granted defendants' motion to transfer venue to Lee County because the accident occurred in Lee County, three of the occurrence witnesses live in Lee County, and the remaining occurrence witnesses live closer to Lee County than to Cook County. Further, the Lee County court docket is far less congested than the Cook County court docket.

This case is similar to *Washington v. Illinois Power Co.*, 144 Ill. 2d 395 (1991). In *Washington*, plaintiffs Jacob and Lillie Washington sued Illinois Power Company in the circuit court of Madison County for damages sustained when their son died in Bond County. *Washington*, 144 Ill. 2d at 397. Illinois Power Company moved to transfer the action to Bond County on *forum non conveniens* grounds. *Washington*, 144 Ill. 2d at 397-98. The circuit court denied the motion and the appellate court affirmed. *Washington*, 144 Ill. 2d at 398.

The supreme court reversed and remanded, holding that the private and public interest factors necessitated transfer of the case to Bond County. With respect to the private interest factors, the court noted that plaintiffs were not residents of the forum in which they filed suit (Madison County) and thus that their choice of forum was entitled to "less deference." *Washington*, 144 Ill. 2d at 400. The court also noted that defendant's witnesses were located in Bond County and that the sources of proof and situs of injury were located in Bond County. *Washington*, 144 Ill. 2d at 402-03. With respect to the public interest factors, the court noted that the court docket in Bond County was less congested than in Madison County. *Washington*, 144 Ill. 2d at 403. Also, the interest of Bond County, where the accident occurred, was so great that the court saw "no reason for imposing [the] burden [of jury duty] on the citizens of Madison County." *Washington*, 144 Ill. 2d at 404.

Similarly, the circuit court here did not err in transferring the case to Lee County. With respect to the private interest factors, plaintiff is not a resident of the forum in which she filed suit (Cook County) and thus her choice of forum is accorded less deference than it would normally be entitled. Also, defendant Lundberg's witnesses are located in and around Lee County and the sources of proof and situs of injury are located in Lee County. With respect to the public interest factors, defendants presented the annual report of the Administrative Office of the Illinois Courts, showing that Cook County has a far more congested court docket than Lee County. As the situs of the accident, Lee County has great local interest in the case.

On these facts, the circuit court did not abuse its discretion in granting defendants' motion to transfer the case to Lee County on *forum non conveniens* grounds.

Plaintiff argues that the circuit court failed to consider six affidavits from occurrence witnesses and four affidavits from medical providers in the Rehabilitation Institute of Chicago who stated that it was easier and more convenient for them to travel to Chicago than to Lee County for purposes of trial. The court specifically stated that it had not "ignored" the affidavits submitted in the case. The court determined that the majority of witnesses "reside in Lee or the surrounding counties," that plaintiff lives nearer to Lee County than to Cook County, and that "Lee County is substantially more convenient for the treating physicians in Rockford *** and the emergency medical technicians in Ashton." The circuit court stated that "considered in toto, the private interest factors support granting the defendants' motion." The circuit court did not abuse its discretion in so holding.

Plaintiff also argues that the circuit court failed to consider that defendant Karlin's office is located in Cook County. While the presence of Karlin's office in plaintiff's choice of forum is a factor to consider in the *forum non conveniens* analysis (see *Elling*, 291 Ill. App. 3d at 316-17), the circuit court is required to evaluate the total circumstances rather than concentrate on any single factor. *Peile*, 163 Ill. 2d at 336-37. As discussed, an evaluation of the total circumstances supports the circuit court's order transferring the cause to Lee County.

Plaintiff argues that *Meyers v. Bridgeport Machines Division of Textron, Inc.*, 113 Ill. 2d 112 (1986), *Schoon v. Hill*, 207 Ill. App. 3d 601 (1990), and *Broeker v. Turville*, 257 Ill. App. 3d 389 (1993), compel a different result. In *Meyers*, plaintiff filed a negligence action against defendant in Cook County. *Meyers*, 113 Ill. 2d at 115. Defendant moved to transfer the action to McHenry County on *forum non conveniens* grounds. *Meyers*, 113 Ill. 2d at 115. The circuit court denied defendant's motion. *Meyers*, 113 Ill. 2d at 115. The supreme court affirmed because the witnesses were located in and around plaintiff's chosen forum, Cook County, and because plaintiff's choice of forum would not obstruct access to the sources of proof. *Meyers*, 113 Ill. 2d at 120. Also, the evidence indicated that the McHenry County court docket was more congested than the Cook County court docket. *Meyers*, 113 Ill. 2d at 122. By contrast, here the majority of witnesses resided closer to Lee County than to plaintiff's choice of forum, Cook County. Also, the evidence indicated that the Cook County court docket is more congested than the Lee County court docket. Accordingly, *Meyers* is inapposite.

In *Broeker*, plaintiff filed suit in Cook County against defendants

for damages arising out of an automobile accident in Du Page County. *Broeker*, 257 Ill. App. 3d at 390-91. The circuit court granted defendants' motion to transfer the case to Du Page County on *forum non conveniens* grounds. *Broeker*, 257 Ill. App. 3d at 390. The appellate court reversed and remanded, holding that a trial in plaintiff's chosen forum of Cook County would not obstruct the parties' access to sources of proof in nearby Du Page County. *Broeker*, 257 Ill. App. 3d at 392-93. Also, the appellate court "perceive[d] no greater inherent difficulty with obtaining the attendance of witnesses at the Daley Center than at the Du Page County courthouse 24 miles away." *Broeker*, 257 Ill. App. 3d at 393. Here, the distance between Cook County and the sources of proof and witness residences in and around Lee County is more significant than in *Broeker*. Accordingly, *Broeker* is inapposite.

In *Schoon*, plaintiff filed suit in Cook County against defendants John Hill, M.D., and Upjohn Company alleging medical malpractice, negligence, and products liability. *Schoon*, 207 Ill. App. 3d at 603. Dr. Hill brought a third-party action against Drekmeier Drug Company (Drekmeier). *Schoon*, 207 Ill. App. 3d at 603. Drekmeier moved to transfer the case to either Rock County, Wisconsin, where Drekmeier's place of business was located, or to McHenry County, Illinois, where Dr. Hill resided and practiced. *Schoon*, 207 Ill. App. 3d at 603. The circuit court denied the motion. *Schoon*, 207 Ill. App. 3d at 604. Drekmeier appealed, arguing that many witnesses resided outside of plaintiff's choice of forum. The appellate court affirmed because Drekmeier failed to show "which witnesses would actually be called to support its defense" or "how their testimony would impact the defense." *Schoon*, 207 Ill. App. 3d at 608. Further, Drekmeier did not provide the names and addresses of its own employees who had knowledge about the case and who would testify at trial. *Schoon*, 207 Ill. App. 3d at 608. With respect to the public interest factors, Drekmeier offered no evidence as to the condition of the dockets of the respective courts. *Schoon*, 207 Ill. App. 3d at 608.

Here, defendant Lundberg provided the names of three employees, all located near Lee County, who had knowledge about the case and who would reasonably be expected to testify at trial. Defendant Lundberg also provided the names of 13 occurrence witnesses, all of whom live in and around Lee County. Further, defendants provided evidence that the Cook County court docket is more congested than the Lee County court docket. Accordingly, *Schoon* is inapposite.

In sum, the circuit court here reasonably balanced the relevant private and public interest factors and determined that Lee County was the more appropriate and convenient forum. The circuit court did

not abuse its discretion and therefore we affirm the order transferring the cause to Lee County.

Affirmed.

CAMPBELL, P.J., and GALLAGHER, J., concur.