764 N.E.2d 54 (2002)
198 Ill.2d 511
261 Ill.Dec. 763
FIRST NATIONAL BANK et al., Appellants,
v.
Richard GUERINE et al., Appellees.
No. 90950.
Supreme Court of Illinois.
January 25, 2002.
*55 Peter J. Flowers, Craig S. Mielke, of Foote, Meyers, Mielke & Flowers, L.L.C., *56 Geneva, and Herbolsheimer, Lannon, Henson, Duncan & Reagan, P.C., Ottawa (Michael T. Reagan, of counsel), for appellants.
Patrick R. Grady, of Wolf & Wolf, Ltd., Chicago, for appellee J.Q.Tex, Inc.
Justice FITZGERALD delivered the opinion of the court:
On the evening of September 26, 1999, Richard Guerine of Melrose Park, Cook County, was driving his Jeep Carryall on Somonauk Road in De Kalb County, pulling a speedboat on a trailer manufactured by J.Q. Tex, Inc. (J.Q. Tex), a Mishawaka, Indiana, corporation. The trailer broke away from Guerine's vehicle, crossed the road into oncoming traffic, and struck head-on a Hyundai Accent driven by Angel Malone of Batavia, Kane County. Angel was pronounced dead on arrival at Valley West Community Hospital in Sandwich, De Kalb County. Dr. L.W. Blum, a coroner's physician from Rockford, Winnebago County, performed an autopsy on Angel's body and reported her cause of death as head trauma due to blunt force injuries she suffered in the accident.
Detective Rogers, Sergeant Newby, and Deputy Sullivan of the De Kalb County sheriff's police investigated the accident scene. These officers interviewed Guerine, his passenger Ashley McKinney of Melrose Park, Cook County, and Randall Baker, an eyewitness from Sandwich, De Kalb County. The record does not indicate whether the officers spoke with Guerine's other passenger, April Tischer of Addison, Du Page County, or Angel's passengers, her two minor sons Christopher and Samuel. According to J.Q. Tex, Guerine's vehicle, boat, and trailer were stored in De Kalb County.
First National Bank, as executor of Angel's estate, and Christopher and Samuel, by their father and Angel's husband, Patrick Malone, filed a nine-count wrongful-death complaint in the Cook County circuit court against Guerine for negligent operation of his vehicle, and J.Q. Tex for defective design and manufacture of the boat trailer. The parties engaged in a limited amount of discovery, which revealed the location of potential witnesses. The plaintiffs, in their interrogatory answers, stated that Patrick lives in St. Charles, Kane County, with Christopher, Samuel, and Michelle Schumpert. The plaintiff's interrogatory answers also listed James and Bonnie Schumpert, Angel's parents, who live in Somonauk, De Kalb County, as persons with relevant information.
J.Q. Tex filed a forum non conveniens motion to transfer venue to De Kalb County. The trial court granted this motion, stating:
"It appears to me that all we have here is defendant and one witness in Cook County, an accident that clearly has no connection to Cook County, a boating accident.
There is nothing alleged here that there is [sic] numerous other cases pending against this J Q in Cook County, and it's an ongoing problem, et cetera, et cetera.
* * *
So I am basing my decision on that I think it strongly favors transfer.
* * *
* * * I'm deciding the case on the whole state of the record, but the accident also happened in De Kalb. The police officers are from De Kalb. The streets were in De Kalb. Let the De Kalb people hear their litigation, and their burden * * * of the jury consideration of the case. I think it's in conformance with Illinois law, the decision, *57 and if you look at the books, I've done a lot of cases where I stuck my neck out for plaintiffs and the Appellate Court refused to allow it. So they made a believer out of me."
The trial court gave the plaintiffs a choice between transferring the case to De Kalb County, where the accident occurred, or Kane County, where the Malone family lives. The plaintiffs chose Kane County, but filed an interlocutory appeal under Supreme Court Rule 306(a)(2) (166 Ill.2d R. 306(a)(2)). The appellate court denied the plaintiffs' petition for leave to appeal, and the plaintiffs sought review from this court. We granted the plaintiffs' subsequent petition for leave to appeal. See 177 Ill.2d R. 315.
For the first time since Peile v. Skelgas, Inc., 163 Ill.2d 323, 206 Ill.Dec. 179, 645 N.E.2d 184 (1994), we are called upon to evaluate the continued vitality of the intrastate forum non conveniens doctrine. We reaffirm that the doctrine is Illinois law, but we conclude that the trial court abused its discretion in granting J.Q. Tex's motion to transfer venue. We reverse and remand for further proceedings.

ANALYSIS
Section 2-101 of the Code of Civil Procedure provides: "every action must be commenced (1) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him or her and not solely for the purpose of fixing venue in that county, or (2) in the county in which the transaction or some part thereof occurred out of which the cause of action arose." 735 ILCS 5/2-101 (West 2000). Here, the plaintiffs filed their complaint in Cook County, where Guerine resides. Before the trial court, J.Q. Tex did not dispute that venue is proper in Cook County. Rather, J.Q. Tex asserted, another venue is more appropriate than Cook County. In ruling on a forum non conveniens motion, a trial court enjoys considerable discretion. Peile, 163 Ill.2d at 336, 206 Ill.Dec. 179, 645 N.E.2d 184; see Fender v. St. Louis Southwestern Ry. Co., 49 Ill.2d 1, 4, 273 N.E.2d 353 (1971). Accordingly, the sole issue before us is whether the trial court abused its discretion in granting J.Q. Tex's motion to transfer venue.
Forum non conveniens is an equitable doctrine "founded in considerations of fundamental fairness and sensible and effective judicial administration" (Adkins v. Chicago, Rock Island & Pacific R.R. Co., 54 Ill.2d 511, 514, 301 N.E.2d 729 (1973)), which allows a trial court to decline jurisdiction in the exceptional case where trial in another forum with proper jurisdiction and venue "would better serve the ends of justice" (Vinson v. Allstate, 144 Ill.2d 306, 310, 162 Ill.Dec. 43, 579 N.E.2d 857 (1991)). Although the forum non conveniens doctrine has a long history at common law, its general application crystalized following the United State Supreme Court's landmark decision in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). The Gulf Oil Court stated:
"The principle of forum non conveniens is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute. * * *
* * *
Wisely, it has not been attempted to catalogue the circumstances which will justify or require either grant or denial of remedy. The doctrine leaves much to the discretion of the court to which plaintiff resorts, and experience has not shown a judicial tendency to renounce one's own jurisdiction so strong as to result in many abuses.

*58 If the combination and weight of factors requisite to given results are difficult to forecast or state, those to be considered are not difficult to name. An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, `vex,' `harass,' or `oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.

Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the ligation." (Emphasis added.) Gulf Oil, 330 U.S. at 507-08, 67 S.Ct. at 842-43, 91 L.Ed. at 1062.
Our cases subsequently have recast these factors. In Illinois, the private interest factors include (1) the convenience of the parties; (2) the relative ease of access to sources of testimonial, documentary, and real evidence; and (3) all other practical problems that make trial of a case easy, expeditious, and inexpensive for example, the availability of compulsory process to secure attendance of unwilling witnesses, the cost to obtain attendance of willing witnesses, and the ability to view the premises (if appropriate). See Griffith v. Mitsubishi Aircraft International, Inc., 136 Ill.2d 101, 105-06, 143 Ill.Dec. 274, 554 N.E.2d 209 (1990); Bland v. Norfolk & Western Ry. Co., 116 Ill.2d 217, 224, 107 Ill.Dec. 236, 506 N.E.2d 1291 (1987); see also Adkins, 54 Ill.2d at 514, 301 N.E.2d 729 (these factors also may include the relative capacities of the two forums to provide a fair trial). The public interest factors include (1) the interest in deciding localized controversies locally; (2) the unfairness of imposing the expense of a trial and the burden of jury duty on residents of a county with little connection to the litigation; and (3) the administrative difficulties presented by adding further litigation to court dockets in already congested fora. See Griffith, 136 Ill.2d at 106, 143 Ill.Dec. 274, 554 N.E.2d 209. Court congestion is a relatively insignificant factor, especially where the record does not show the other forum would resolve the case more quickly. See Brummett v. Wepfer Marine, Inc., Ill Ill.2d 495, 503, 95 Ill. Dec. 841, 490 N.E.2d 694 (1986) ("Courts should be extremely reluctant to dismiss a case from the forum rei gestae merely because that forum's docket has a backlog"). These factors govern both interstate and intrastate transfers.
A further consideration is the forum which the plaintiff has chosen to file the complaint. The plaintiff has a substantial interest in choosing the forum where his rights will be vindicated, and the plaintiff's forum choice should rarely be disturbed unless the other factors strongly favor transfer. Griffith, 136 Ill.2d at 106, 143 Ill.Dec. 274, 554 N.E.2d 209; Jones v. *59 Searle Laboratories, 93 Ill.2d 366, 372-73, 67 Ill.Dec. 118, 444 N.E.2d 157 (1982), quoting Gulf Oil, 330 U.S. at 508-09, 67 S.Ct. at 843, 91 L.Ed, at 1062-63; see Restatement (Second) of Conflict of Laws § 84, Comment c (1971) ("since it is for the plaintiff to choose the place of suit, his choice of a forum should not be disturbed except for weighty reasons"). We acknowledge, however, that the plaintiff's interest in choosing the forum receives somewhat less deference when neither the plaintiff's residence nor the site of the accident or injury is located in the chosen forum. Griffith, 136 Ill.2d at 106, 143 Ill.Dec. 274, 554 N.E.2d 209. "When the home forum is chosen, it is reasonable to assume that the choice is convenient. When the plaintiff is foreign to the forum chosen, however, this assumption is much less reasonable and the plaintiff's choice deserves less deference." Wieser v. Missouri Pacific R.R. Co., 98 Ill.2d 359, 367, 74 Ill.Dec. 596, 456 N.E.2d 98 (1983); accord Bland v. Norfolk & Western Ry. Co., 116 Ill.2d 217, 228, 107 Ill.Dec. 236, 506 N.E.2d 1291 (1987), quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56, 102 S.Ct. 252, 266, 70 L.Ed.2d 419, 436 (1981); but see Elling v. State Farm Mutual Automobile Insurance Co., 291 Ill.App.3d 311, 318, 225 Ill.Dec. 426, 683 N.E.2d 929 (1997) ("[W]hile the deference to be accorded to a plaintiff regarding his choice of forum is less when the plaintiff chooses a forum other than where he resides * * * nonetheless the deference to be accorded is only less, as opposed to none" (emphases in original)). Similarly, when the site of the accident or injury is chosen, the choice is convenient because the litigation has the aspect of being "decided at home." See Brummett, 111 Ill.2d at 500, 95 Ill.Dec. 841, 490 N.E.2d 694.
Contrary to our suggestion in Washington v. Illinois Power Co., 144 Ill.2d 395, 399, 163 Ill.Dec. 490, 581 N.E.2d 644 (1991), the trial court, however, does not weigh the private factors against the public factors. Instead, the trial court must evaluate the total circumstances of the case in deciding whether the defendant has proven that the balance of factors strongly favors transfer. Peile, 163 Ill.2d at 336-37, 206 Ill.Dec. 179, 645 N.E.2d 184; see Bland, 116 Ill.2d at 227, 107 Ill.Dec. 236, 506 N.E.2d 1291 ("`If central emphasis were placed on any one factor, the forum non conveniens doctrine would lose much of the very flexibility that makes it so valuable'"), quoting Piper Aircraft, 454 U.S. at 249-50, 102 S.Ct. at 263, 70 L.Ed.2d at 432. The defendant must show that the plaintiff's chosen forum is inconvenient to the defendant and another forum is more convenient to all parties. See Hall v. CBI Industries, Inc., 264 Ill.App.3d 299, 303, 201 Ill.Dec. 605, 636 N.E.2d 1037 (1994), citing Kwasniewski v. Schaid, 153 Ill.2d 550, 555, 180 Ill.Dec. 320, 607 N.E.2d 214 (1992). The defendant cannot assert that the plaintiff's chosen forum is inconvenient to the plaintiff. See Whirlpool Corp. v. Certain Underwriters at Lloyd's London, 295 Ill.App.3d 828, 837, 230 Ill. Dec. 63, 692 N.E.2d 1229 (1998).
Our last full discussion of the forum non conveniens doctrine came seven years ago. In Peile, the plaintiff was severely injured in an explosion at his Pike County home as he attempted to light his propane gas furnace. Hours before the explosion, Skelgas, Inc., had delivered to the plaintiff 500 gallons of propane gas from its Pike County facility. The plaintiff filed suit in Madison County against Skelgas, Inc., York International Corporation, manufacturer of his furnace, and Honeywell, Inc., manufacturer of the control valve on his furnace, alleging design defects in the furnace. The defendants filed a forum non conveniens motion to transfer venue to Pike County, and the trial court granted the *60 motion. While the plaintiff's lawsuit was pending in Pike County, he filed an amended complaint adding additional negligence claims and joining five defendants, all propane gas suppliers or sellers.
Two months before the scheduled trial date, the plaintiff voluntarily dismissed his complaint and, eight months later, refiled his complaint in St. Clair County, approximately 100 miles from Pike County. The refiled complaint named the same defendants as the amended complaint, but did not include York or Honeywell. The defendants filed another forum non conveniens motion to transfer venue, asking the trial court to send the case back to Pike County, but the trial court denied the motion. The appellate court affirmed, holding that the trial court did not abuse its discretion in denying the defendants' motion.
We reversed the trial court and the appellate court on the merits of the transfer, but the significance of Peile lies less in its obvious outcome and more in its steadfast adherence to the intrastate application of forum non conveniens. We acknowledged the frustrating litigation quagmire created in the wake of Torres v. Walsh, 98 Ill.2d 338, 74 Ill.Dec. 880, 456 N.E.2d 601 (1983), where we first applied the forum non conveniens doctrine to intrastate transfers, even agreeing with a concurring justice in the appellate court that "`[t]he battle over the forum results in a battle over minutiae.'" Peile, 163 Ill.2d at 335, 206 Ill.Dec. 179, 645 N.E.2d 184, quoting Peile v. Skelgas, Inc., 242 Ill.App.3d 500, 522, 182 Ill. Dec. 944, 610 N.E.2d 813 (1993) (Lewis, J., specially concurring). However, we stated:
"While we are not insensitive to such concerns, we are not persuaded that abandonment of the equitable doctrine of forum non conveniens is necessary because of perceived abuses in its invocation or time consumed in its resolution. The doctrine that was activated in Torres was designed to give the courts `discretionary power which should be exercised only in exceptional circumstances when it has been shown that the interests of justice require a trial in a more convenient forum.' (Emphasis added.) (Torres, 98 Ill.2d at 346, 74 Ill.Dec. 880, 456 N.E.2d 601, citing Gulf Oil, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055.) In most instances, the plaintiff's initial choice of forum will prevail, provided venue is proper and the inconvenience factors attached to such forum do not greatly outweigh the plaintiff's substantial right to try the case in the chosen forum. If, however, the litigation has no practical connection to the forum, and a defendant establishes the necessary showing under the doctrine, the court should grant the motion for transfer. We conclude that the forum non conveniens doctrine continues to serve a valuable policy that the courts of this State are sufficiently equipped to effectuate. Accordingly, we decline the invitation to abandon intrastate transfer of cases when appropriate, under the principles enunciated in Torres v. Walsh." Peile, 163 Ill.2d at 335-36, 206 Ill.Dec. 179, 645 N.E.2d 184.
Since Peile, we have exercised our supervisory authority more than 30 times to transfer cases away from plaintiffs' chosen fora. (See appendix.) Obviously, one of the purposes of the forum non conveniens doctrinesensible and effective judicial administrationis not being served by this protracted interlocutory litigation over plaintiffs' forum choices. The resources of this court are more profitably spent deciding fully developed controversies than micromanaging errant forum rulings with nonprecedential supervisory orders. We urge our trial courts to give more careful *61 consideration to forum non conveniens motions and to leave a better record of their analyses. In turn, this will allow our appellate court to make informed decisions on Rule 306(a)(2) petitions and to develop further a body of law to guide the trial courts.
A concern animating our forum non conveniens jurisprudence is curtailing forum shopping by plaintiffs. See Torres, 98 Ill.2d at 351, 74 Ill.Dec. 880, 456 N.E.2d 601 (discouraging "the incessant jockeying for a more sympathetic jury likely to come forward with a more substantial award"). In a recent review of intrastate forum non conveniens, a commentator aptly noted:
"The truth of the matter is that both plaintiffs' counsel and defendants' counsel are jockeying for position by seeking a judge, jury and forum that will enable them to achieve the best possible result for their clients. There is no doubt that in the personal injury context, the plaintiff is seeking a forum where he can recover the most money and the defendant is seeking a forum where it will have to pay the least. All other considerations are secondary to both sides." G. Maag, Forum Non Conveniens in Illinois: A Historical Review, Critical Analysis, and Proposal for Change, 25 So. Ill. L.J. 461, 510 (2001).
See also E. Kitch, Section 1404(a) of the Judicial Code: In the Interest of Justice or Injustice?, 40 Ind. L.J. 99, 139 (1965) ("[B]ehind the talk of inconvenience and the interests of justice lies a concern not about plane fares but about juries").
Under the "unequal balancing test" (Griffith, 136 Ill.2d at 107, 143 Ill. Dec. 274, 554 N.E.2d 209), the plaintiff is entitled to some deference in choosing a forum; the battle over forum begins with the plaintiff's choice already in the lead. Though the plaintiff's choice is not absolute, intrastate transfer is appropriate only when the litigation has "no practical connection" (Peile, 163 Ill.2d at 336, 206 Ill.Dec. 179, 645 N.E.2d 184), no nexus, with the plaintiff's chosen forum. We acknowledge that, though the forum non conveniens standard remains difficult for defendants to meet, it does not foreclose legitimate transfers when the balance of factors strongly favors litigation in another forum.
In Torres, the plaintiffs filed a personal injury complaint in Cook County following a motor vehicle accident in Sangamon County. The plaintiffs alleged that defendant Dale Palmer negligently operated his automobile and that the staff at Springfield Community Hospital negligently treated one of the plaintiffs. The plaintiffs were residents of San Antonio, Texas; Palmer was a resident of Sangamon County; and the individual doctors and nurses named as defendants all practiced in Sangamon County. Humana of Illinois, Inc., which owed and operated the hospital, had a registered agent in Cook County. The defendants requested a venue transfer, and the trial court sent the case to Sangamon County. The plaintiffs petitioned this court for mandamus relief.
We reviewed Gulf Oil and noted that courts in 18 other states have statutory authority to order intrastate venue transfers. Torres, 98 Ill.2d at 345-47, 74 Ill. Dec. 880, 456 N.E.2d 601. We further noted that at common law, English courts had the authority to remove a case to another county in order to obtain an impartial trial or to minimize the inconvenience of witnesses residing a great distance away from the chosen forum. Torres, 98 Ill.2d at 347-48, 74 Ill.Dec. 880, 456 N.E.2d 601. After discussing our interstate forum non conveniens precedent, we concluded: "When the doctrine of forum non conveniens is available in transferring a case from *62 Springfield, Illinois, to St. Louis, Missouri, we feel that a case should be able to be transferred from Chicago to Springfieldtwo cities in the same Stateunder the same theory." Torres, 98 Ill.2d at 350, 74 Ill.Dec. 880, 456 N.E.2d 601. We reiterated the relevant factors for trial courts to consider, but we warned that if sufficient factors favor the plaintiff's forum choice, "the defendant's inconvenience should not be considered, provided venue is proper." Torres, 98 Ill.2d at 351, 74 Ill.Dec. 880, 456 N.E.2d 601. Because we determined that the trial court had discretion to order an intrastate transfer, mandamus relief was inappropriate. Torres, 98 Ill.2d at 353, 74 Ill.Dec. 880, 456 N.E.2d 601.
More recently, in a case remarkably similar to the one before us, the First District upheld the plaintiff's forum choice. In Hinshaw v. Coachmen Industries, Inc., 319 Ill.App.3d 269, 253 Ill.Dec. 460, 745 N.E.2d 583 (2001), the plaintiffs filed a complaint in Cook County alleging negligence, products liability, breach of warranty, and Dramshop Act violations following a motor vehicle accident involving the plaintiffs' Dodge van and another vehicle in Woodford County. The plaintiffs were residents of McLean County; the other driver was a resident of La Salle County, and his passenger was a resident of Tazewell County. Two occurrence witnesses lived in Du Page County, and one occurrence witness lived in Cook County. In their interrogatory answers, the plaintiffs identified 18 other persons with knowledge of the accident, 15 of whom lived in Illinois: seven in Will County, three in Mc-Lean County, two in Du Page County, two in Lake County, and one in Woodford County. Woodford County law enforcement officers investigated the accident, and the plaintiffs received medical care primarily in McLean and Peoria Counties. one of the defendants, Coachmen Industries, Inc., filed a forum non conveniens motion to transfer venue to Woodford County. The trial court denied this motion, and Coachmen appealed.
The appellate court discussed the familiar forum non conveniens factors, including the plaintiffs' forum choice, and stated that "the factors, when viewed in their totality, must strongly favor transfer." (Emphasis in original.) Hinshaw, 319 Ill. App.3d at 275, 253 Ill.Dec. 460, 745 N.E.2d 583. The court reviewed the private interest factors and held that, considering that the potential witnesses and other evidence was scattered across eight Illinois counties and two additional states, "it was not unreasonable for the trial court to conclude that there was no predominance among the counties such that Woodford County was strongly favored." Hinshaw, 319 Ill. App.3d at 277, 253 Ill.Dec. 460, 745 N.E.2d 583. The court then turned to the public interest factors. Because the driver of the other vehicle was dismissed pursuant to a settlement agreement, the case centered around the plaintiffs' products liability claim: "As such, any local interest on the part of, say, Woodford County is largely supplanted by a more general interest in the safety of Dodge vans." Hinshaw, 319 Ill.App.3d at 278, 253 Ill.Dec. 460, 745 N.E.2d 583.
Unlike Torres, but like Hinshaw, the case before us involves parties and witnesses dispersed among several counties in the same area of the state. The litigation in this case has a nexus with several fora. See Broeker v. Turville, 257 Ill.App.3d 389, 195 Ill.Dec. 532, 628 N.E.2d 996 (1993); Grachen v. Zarecki, 200 Ill.App.3d 336, 146 Ill.Dec. 169, 558 N.E.2d 132 (1990); see also Meyers v. Bridgeport Machines Division of Textron, Inc., 113 Ill.2d 112, 121, 100 Ill.Dec. 567, 497 N.E.2d 745 (1986) (affirming the trial court's denial of a forum *63 non conveniens motion where factual connections remained evenly distributed among four counties). The balance of private and public interest factors does not strongly favor transfer away from Cook County.

Private Interest Factors
The plaintiffs filed suit in Cook County, and the record contains affidavits from Patrick, Christopher, and Samuel Malone stating that they will suffer no inconvenience by traveling to Cook County to litigate this case. On the defense side, Guerine lives in Cook County and never filed a forum non conveniens motion. J.Q. Tex has its headquarters in Mishawaka, Indiana. Certainly, any corporate representatives traveling to Illinois in this case would have to pass through Cook County first on the way to either Kane or De Kalb Counties. Cook County is a more convenient forum for all parties, especially the defendants.
Further, the accident occurred in De Kalb County, and Guerine's vehicle, boat, and trailer remain there. Of the potential witnesses, Michelle Schumpert of Kane County and James and Bonnie Schumpert of De Kalb County have filed affidavits stating that Cook County is not an inconvenient forum. Though these affidavits do not resolve all of the scheduling problems associated with a trial in a forum away from the location of witnesses (see Washington, 144 Ill.2d at 402, 163 Ill.Dec. 490, 581 N.E.2d 644), they do suggest that the Schumperts are willing to travel to Chicago at the behest of the defendants and the trial court.
Guerine's passenger McKinney lives in Cook County. Guerine's other passenger Tischer lives in Du Page County, and Baker, the only other eyewitness, lives in De Kalb County. Additionally, the three police officers who investigated the accident come from De Kalb County, and Dr. Blum, the coroner's physician who performed Angel's autopsy, comes from Winnebago County. J.Q. Tex has not listed any corporate representatives as witnesses, and neither party has identified any expert witnesses. While De Kalb County has significant ties to this case, so does Cook County. Further, compulsory process is available in Cook, Kane, and De Kalb Counties, and we fail to see how a jury view of the accident site will be necessary.

Public Interest Factors
The accident here occurred in De Kalb County, and the plaintiffs' negligence claim against Guerine has a local flavor. The plaintiffs' products liability claim against J.Q. Tex, however, is less localized. Additionally, we note that Cook County has a legitimate connection to the litigation because Guerine lives in Cook County, and he presumably drove his trailer on Cook County roads. Finally, although the Cook County circuit court is more congested than either Kane or De Kalb County circuit courts, court congestion alone is not dispositive.
We live in a smaller world than that contemplated by the Gulf Oil Court, or even this court in Torres. Today, we are connected by interstate highways, bustling airways, telecommunications, and the world wide web. Today, conveniencethe touchstone of the forum non conveniens doctrinehas a different meaning. See Peile, 163 Ill.2d at 345, 206 Ill.Dec. 179, 645 N.E.2d 184 (Harrison, J., dissenting). That is, the convenience of the parties depends in large measure upon the context in which we evaluate their convenience.
In this case, a conscientious and experienced trial judge thought forum non conveniens decisions from this court and the appellate court required him to transfer this cause away from Cook County. We disagree, but our conclusion carries no *64 pejorative connotations. Illinois forum non conveniens law is admittedly less than clear. In an effort to clarify the doctrine, we hold that a trial court abuses its discretion in granting an intrastate forum non conveniens motion to transfer venue where, as here, the potential trial witnesses are scattered among several counties, including the plaintiff's chosen forum, and no single county enjoys a predominant connection to the litigation. The balance of factors must strongly favor transfer of the case before the plaintiff can be deprived of his chosen forum. See Peile, 163 Ill.2d at 345, 206 Ill.Dec. 179, 645 N.E.2d 184. This is not such a case.

CONCLUSION
For the reasons we have discussed, we reverse the decision of the trial court transferring this cause to Kane County and remand for further proceedings.
Reversed and remanded.

APPENDIX
See Wakehouse v. Titan Wheel Corp., No. 92108, 196 Ill.2d 565, 258 Ill.Dec. 174, 755 N.E.2d 993 (October 3, 2001) (ordering the Fifth District to reconsider is order affirming the trial court's denial of the defendant's forum non conveniens motion to transfer venue); A.P. Green Industries, Inc. v. Houston, 195 Ill.2d 547, 257 Ill.Dec. 885, 754 N.E.2d 1280 (2001) (ordering the Fifth District to allow an interlocutory appeal of the trial court's denial of the defendant's forum non conveniens motion to transfer venue); Armstrong World Industries, Inc. v. Geyer, 195 Ill.2d 547, 257 Ill.Dec. 886, 754 N.E.2d 1281 (2001) (same); Olin v. A.P. Green Industries, Inc., 192 Ill.2d 693, 250 Ill.Dec. 292, 738 N.E.2d 508 (2000) (ordering the Madison County circuit court to grant the defendant's forum non conveniens motion to transfer venue); Cerniglia v. Armstrong World Industries, Inc., 189 Ill.2d 656, 246 Ill.Dec. 377, 730 N.E.2d 57 (2000) (same); Hairrell v. Winterville Marine Service Co., 187 Ill.2d 567, 243 Ill.Dec. 77, 722 N.E.2d 1146 (2000) (ordering the Fifth District to vacate its order denying the defendant's forum non conveniens motion to transfer venue and ordering the Madison County circuit court to transfer venue); Kranker v. Mitsubishi Motor Sales of America, Inc., 185 Ill.2d 629, 240 Ill.Dec. 325, 717 N.E.2d 418 (1999) (ordering the Cook County circuit court to grant the defendant's forum non conveniens motion to transfer venue); Beldner v. Tennessee Steel Haulers, Inc., 184 Ill.2d 553, 238 Ill.Dec. 135, 710 N.E.2d 1237 (1999) (ordering the Fifth District to vacate its order denying the defendant's forum non conveniens motion to transfer venue and ordering the Madison County circuit court to transfer venue); Lawson v. Gateway Western Ry. Co., 184 Ill.2d 558, 238 Ill.Dec. 134, 710 N.E.2d 1236 (1999) (ordering the Fifth District to vacate its order denying the defendant's forum non conveniens motion to transfer venue and ordering the St. Clair County circuit court to transfer venue); Fitzgerald v. Jones, 181 Ill.2d 570, 235 Ill.Dec. 666, 705 N.E.2d 849 (1998) (ordering the Cook County circuit court to grant the defendant's forum non conveniens motion to transfer venue); Guest v. Detroit City Dairy, Inc., 177 Ill.2d 569, 231 Ill.Dec. 747, 697 N.E.2d 301 (1998) (same); Allen v. Illinois Power Co., 173 Ill.2d 521, 225 Ill.Dec. 391, 683 N.E.2d 894 (1997) (ordering the St. Clair County circuit court to grant the defendant's forum non conveniens motion to transfer venue); Grose v. Illinois Power Co., 169 Ill.2d 566, 220 Ill. Dec. 224, 672 N.E.2d 1236 (1996) (same); Kinzler v. Chicago & North Western Transportation Co., 169 Ill.2d 569, 220 Ill. Dec. 225, 672 N.E.2d 1237 (1996) (ordering the Fifth District to vacate its order denying the defendant's forum non conveniens *65 motion to transfer venue and ordering the Madison County circuit court to transfer venue); Weicherding v. Southern Pacific Transportation Co., 169 Ill.2d 590, 220 Ill. Dec. 224, 672 N.E.2d 1236 (1996) (ordering the St. Clair County circuit court to grant the defendant's forum non conveniens motion to transfer venue); McGeehon v. Burlington Northern R.R. Co., 168 Ill.2d 596, 219 Ill.Dec. 212, 670 N.E.2d 1100 (1996) (ordering the Madison County circuit court to grant the defendant's forum non conveniens motion to transfer venue); Beppler v. Illinois Central R.R. Co., 167 Ill.2d 549, 216 Ill.Dec. 585, 665 N.E.2d 843 (1996) (ordering the Fifth District to vacate its order denying the defendant's forum non conveniens motion to transfer venue and ordering the St. Clair County circuit court to transfer venue); Uebinger v. Marathon Petroleum Co., 166 Ill.2d 555, 215 Ill.Dec. 216, 662 N.E.2d 1356 (1996) (ordering the Madison County circuit court to grant the defendant's forum non conveniens motion to transfer venue); Eby v. Illinois Power Co., 164 Ill.2d 561, 212 Ill.Dec. 871, 658 N.E.2d 48 (1995) (same); Peters v. Burlington Northern R.R. Co., 163 Ill.2d 585, 211 Ill.Dec. 534, 655 N.E.2d 917 (1995) (same); Doe v. Terra Properties, Inc., 163 Ill.2d 552, 211 Ill.Dec. 533, 655 N.E.2d 916 (1995) (same); Mosier v. Danz, 163 Ill.2d 563, 211 Ill.Dec. 532, 655 N.E.2d 915 (1995) (ordering the Fifth District to vacate its order denying the defendant's forum non conveniens motion to transfer venue and ordering the Madison County circuit court to transfer venue); Harms v. Wal-Mart Stores, Inc., 162 Ill.2d 567, 209 Ill.Dec. 65, 650 N.E.2d 1038 (1995) (ordering the Fifth District to vacate its order denying the defendant's forum non conveniens motion to transfer venue and ordering the St. Clair County circuit court to transfer venue); Popp v. Lincoln Electric Co., 162 Ill.2d 580, 208 Ill.Dec. 757, 650 N.E.2d 214 (1995) (ordering the First District to reconsider is order affirming the trial court's denial of the defendant's forum non conveniens motion to transfer venue); Ferris v. Southern Pacific Transportation Co., 162 Ill.2d 566, 208 Ill.Dec. 848, 650 N.E.2d 542 (1995) (ordering the Madison County circuit court to grant the defendant's forum non conveniens motion to transfer venue); Mayse v. Servicemaster Co. Ltd. Partnership, 159 Ill.2d 569 (1995) (ordering the Fifth District to vacate its order denying the defendant's forum non conveniens motion to transfer venue and ordering the St. Clair County circuit court to transfer venue); Strube v. CLC of America, Inc., 159 Ill.2d 580, 206 Ill.Dec. 201, 645 N.E.2d 206 (1995) (ordering the Fifth District to vacate its order denying the defendant's forum non conveniens motion to transfer venue and ordering the Madison County circuit court to transfer venue); Rogers v. Gateway Western Ry. Co., 159 Ill.2d 579, 206 Ill.Dec. 201, 645 N.E.2d 206 (1995) (ordering the Fifth District to vacate its order denying the defendant's forum non conveniens motion to transfer venue and ordering the St. Clair County circuit court to transfer venue); Swartzlander v. Illinois Central R.R. Co., 159 Ill.2d 581, 206 Ill.Dec. 710, 645 N.E.2d 962 (1995) (ordering the Fifth District to vacate its order denying the defendant's forum non conveniens motion to transfer venue and ordering the Madison County circuit court to transfer venue); Carpenter v. Strausberg, 159 Ill.2d 564, 206 Ill.Dec. 711, 645 N.E.2d 963 (1995) (ordering the First District appellate court to vacate its order denying the defendant's forum non conveniens motion to transfer venue and ordering the Cook County circuit court to transfer venue); Wojtonik v. Illinois Central R.R., 159 Ill.2d 583, 206 Ill.Dec. 202, 645 N.E.2d 207 (1995) (ordering the Fifth District to vacate its order denying the defendant's forum non conveniens motion to transfer *66 venue and ordering the Madison County circuit court to transfer venue). This list does not include the innumerable cases in which the defendant has filed a motion for a supervisory order from this court directing the trial court to transfer the case. See 188 Ill.2d R. 383.