NOTICE

Decision filed 04/27/07. The text of
this decision may be changed or
corrected prior to the filing of a
Petition for Rehearing or the
disposition of the same.

NO. 5-04-0516

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| IVAN BRANT, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellee, | ) St. Clair County. |
| | ) |
| v. | ) No. 03-L-418 |
| | ) |
| RICK ROSEN and ROSEN LAW | ) |
| FIRM, P.C., | ) |
| | ) |
| Defendants-Appellants, | ) |
| | ) |
| and | ) |
| | ) |
| DWIGHT HARDIN, | ) Honorable |
| | ) Lloyd A. Cueto, |
| Defendant. | ) Judge, presiding. |

_____

JUSTICE STEWART[1] delivered the opinion of the court:

Two of the defendants, Rick Rosen (Rosen) and Rosen Law Firm, P.C. (law firm),

appeal from the St. Clair County circuit court's denial of their motion to dismiss the plaintiff

Ivan Brant's complaint pursuant to the doctrine of *forum non conveniens*. The defendants

assert that St. Clair County, which is the county where Rosen resides and where his law firm

is located, is an inappropriate forum for the plaintiff's professional negligence and fraud

claims arising from the defendants' representation of the plaintiff. We affirm.

BACKGROUND

The plaintiff filed a six-count complaint alleging professional negligence and fraud

_____

[1]Justice McGlynn participated in oral argument. Justice Stewart was later substituted

on the panel and has read the briefs and listened to the audiotape of oral argument.

1

against Rosen, the law firm, and the third defendant, Dwight Hardin (Hardin), who is employed as a consultant by the law firm. In the complaint, the plaintiff alleged that he retained Rosen and the law firm to represent him in his claim for damages against his employer, Union Pacific Railroad Company, for injuries he received during the course of his employment. The plaintiff alleged that both Rosen and Hardin told him that they were licensed, practicing attorneys, even though Hardin was not an attorney. The plaintiff alleged that the defendants negligently "instructed and counseled" him to settle his case against the railroad for less than its fair value, failed to conduct an adequate investigation into the liability and damage evidence, and settled his case without filing suit or conducting any discovery and before he attained maximum medical improvement. The plaintiff alleged that he received substantially less in settlement for his case than it was worth and, therefore, "suffered significant damages in the form of inappropriate compensation for past and future medical expenses, past and future wages, pain, suffering, disability[,] and disfigurement."

In addition to the professional negligence claims, the plaintiff also claimed that each defendant was guilty of fraud, in that Rosen, individually and through the law firm and Hardin, made several untrue statements of material fact. Those alleged statements included that Hardin was an attorney qualified to represent the plaintiff and that the plaintiff was required to accept the railroad's settlement offer of $150,000 or be forced to accept $20,000 and relocate to Utah as a security guard. The plaintiff also alleged the defendants had misrepresented that his settlement included medical coverage for him and his family and that they had fully investigated the case before recommending the settlement.

In response to the plaintiff's first amended complaint, the defendants filed a motion based upon *forum non conveniens*, contending that the complaint should be dismissed under the Illinois Supreme Court decision in *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 797 N.E.2d 687 (2003), "as having little or no connection with the State of Illinois." In support

2

of the motion, the defendants attached Rosen's and Hardin's affidavits and filed a memorandum of law. The defendants alleged that certain facts supported a dismissal, including the following: that the plaintiff was a resident of Scott City, Missouri; that the plaintiff's work injury occurred near Osage City, Missouri; that all the witnesses to the plaintiff's work injury lived in Missouri; that the plaintiff's medical treatment and physical therapy occurred in Missouri; that all the plaintiff's treating physicians were located in or near Cape Girardeau, Missouri; that one of the defendants, Hardin, was a resident of Missouri; that Rosen never met with the plaintiff or any representative of the railroad in Illinois; and that Hardin never met anyone from the railroad in Illinois.

In his affidavit, Rosen averred that he was licensed to practice law in both Illinois and Missouri and that his office was located in St. Clair County, Illinois. Rosen stated that he and the law firm concentrated their practice "in the representation of railroad workers in claims brought under the Federal Employers['] Liability Act (FELA) [(45 U.S.C. §51 *et seq.* (2000))]." Rosen admitted that the plaintiff retained him as his attorney in a potential claim arising from an injury the plaintiff received while working for the railroad. Rosen also stated that Hardin was an FELA consultant who worked for him and several other law firms and that he retained Hardin to assist him "in negotiating a settlement" of the plaintiff's claim against the railroad. According to Rosen's affidavit, "[a]ll of the witnesses, medical records, and other evidence" regarding the plaintiff's work injury, treatment, and recovery were located in Missouri. Rosen averred that he did not meet with the plaintiff or anyone from the railroad in Illinois.

In Hardin's affidavit, he stated that he lived in St. Louis, Missouri, that he was the president of the Organized Rail Labor Association, Inc. (ORLA), and that ORLA's office was in his home. Hardin stated that, since 1982, he had worked with FELA lawyers from various parts of the United States. Hardin averred that most of his contacts with the plaintiff were

3

by phone from his home and that when he met the plaintiff, "those meetings occurred primarily in St. Louis and Scott City, Missouri." Additionally, Hardin stated that he had several meetings with representatives from the railroad, all of which occurred in Missouri.

In their memorandum in support of the motion to dismiss, the defendants argued that the case should be dismissed in favor of a forum in Missouri. The defendants did not provide any information about the location within Missouri of either Scott City or Osage City, nor did they provide the trial court with any information about the relative congestion of the court systems in St. Clair County or any other potential forum.

The plaintiff responded that Rosen resided in St. Clair County and that he and his law firm maintained an office in St. Clair County. The plaintiff alleged that "all documentary evidence relevant to the legal malpractice case is likewise located in St. Clair County, at the offices of attorney Rosen in O'Fallon, Illinois," and that the most critical evidence would consist of Rosen's testimony and the file that he generated and maintained in St. Clair County. The plaintiff stated that the documentary evidence concerning the railroad's liability to the plaintiff was located at the railroad's attorney's office in St. Clair County.

In his response, the plaintiff stated, "[T]he utter absurdity of suggesting that [the] plaintiff be forced to litigate his claim against Mr. Rosen and his law firm in a county other than St. Clair is demonstrated by the fact that [the] plaintiff hired Mr. Rosen and his law firm, both of which *are* located in St. Clair County." (Emphasis in original.) The plaintiff argued that the defendants' suggestion that a legal malpractice case could not be conveniently prosecuted in the very county where the defendant lawyer and his law firm resided and where the alleged negligent representation was rendered "defies credulity." Finally, the plaintiff stated that in order for the defendants to sustain their motion, they were required to demonstrate that his choice of forum substantially inconvenienced them, "a burden which [the] defendants could never meet under these circumstances."

4

The trial court conducted a hearing on the motion to dismiss, during which the defendants' attorney argued that the case had no connection to the plaintiff's chosen forum, St. Clair County, other than the facts that Rosen lived there and his law office was located there. The defendants' attorney informed the court that the plaintiff lived in Scott City, Missouri, "which is right outside Cape Girardeau," Missouri, and that all the plaintiff's medical treatment for the injuries he received was "in Cape Girardeau or the environs thereof." When the trial court asked if the defendants believed that everything happened in Missouri, the attorney responded affirmatively, stating that there "were no contacts at all in Illinois[,] including no meetings" with either Rosen or Hardin.

The plaintiff's attorney argued that the case pending in St. Clair County was a legal malpractice case "against Rick Rosen[,] who represented or who allegedly represented a railroad worker who settled this case for about two cents on the dollar [and] sold his job in the process." He asserted that all the relevant evidence and witnesses were located in St. Clair County and that the only relevant incidents occurring outside St. Clair County were that the plaintiff's work injury occurred in Missouri and that Hardin misrepresented himself as a lawyer and talked the plaintiff into signing settlement papers in Missouri. He further claimed that the location of the work injury was not critical because the railroad admitted liability for the plaintiff's work injury.

The defendants' attorney responded that because the plaintiff's complaint alleged legal malpractice, the facts of the underlying lawsuit would be critical. The defendants' attorney argued that all the witnesses to the underlying accident were in Missouri. She did not name any particular witness, state the residence or work address of any particular witness, or explain the possible content of any particular witness's likely testimony. She argued that both the private- and public-interest factors overwhelmingly favored a transfer to Missouri, but she did not delineate the nature of any private or public interest.

5

The trial court denied the motion. The defendants filed a timely petition for leave to appeal, which this court denied. The defendants then filed a petition for leave to appeal to the Illinois Supreme Court. On March 30, 2005, the supreme court issued an order vacating this court's denial of leave to appeal and ordering that the defendants be granted leave to appeal. *Brant v. Rosen*, 214 Ill. 2d 527, 824 N.E.2d 280 (2005).

ANALYSIS

The defendants argue that the trial court abused its discretion in denying their motion to dismiss based on *forum non conveniens*. The Illinois courts have developed a significant body of law concerning the rules that apply to pretrial motions to dismiss pursuant to the doctrine of *forum non conveniens*. The basic rules are rarely disputed. However, each *forum non conveniens* case is unique and fact-intensive. *Satkowiak v. Chesapeake & Ohio Ry. Co.*, 106 Ill. 2d 224, 228, 478 N.E.2d 370, 372 (1985). The doctrine of *forum non conveniens* is flexible, requires an evaluation of the total circumstances rather than a concentration on any single factor (*Peile v. Skelgas, Inc.*, 163 Ill. 2d 323, 336-37, 645 N.E.2d 184, 190 (1994)), and is grounded in considerations of fundamental fairness and sensible and effective judicial administration (*Dawdy*, 207 Ill. 2d at 171, 797 N.E.2d at 693). The trial court has broad discretion in determining whether the particular circumstances require a transfer, and its decision will be reversed only if it is shown to be an abuse of discretion. *Bland v. Norfolk & Western Ry. Co.*, 116 Ill. 2d 217, 223, 506 N.E.2d 1291, 1293 (1987). The trial court abuses its discretion in balancing the relevant *forum non conveniens* factors only where no reasonable person would take the view adopted by the court. *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 442, 848 N.E.2d 927, 934 (2006).

By filing a *forum non conveniens* motion, a defendant admits that the plaintiff's chosen venue is technically proper but asks the court to decline jurisdiction in favor of another forum that can better serve the convenience of the parties and the ends of justice.

6

*Dawdy*, 207 Ill. 2d at 171-72, 797 N.E.2d at 693. The Illinois venue statute provides, "[E]very action must be commenced (1) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him or her and not solely for the purpose of fixing venue in that county[] or (2) in the county in which the transaction or some part thereof occurred out of which the cause of action arose." 735 ILCS 5/2-101 (West 2004). In the case at bar, venue is proper in St. Clair County under either provision of the statute. Clearly, Rosen and the law firm are both residents of St. Clair County and were joined in good faith. Additionally, according to the allegations of the complaint, at least some of the transactions from which the causes of action arose occurred in St. Clair County, because that is the location from which Rosen and his law firm represented the plaintiff on the underlying FELA claim.

The Illinois Supreme Court has repeatedly noted that although the *forum non conveniens* doctrine gives the trial court broad discretion to dismiss a case in favor of a more convenient forum, that discretionary power should not be used to deny a plaintiff his choice of forum unless exceptional circumstances require a trial in a more convenient forum. *Langenhorst*, 219 Ill. 2d at 442, 848 N.E.2d at 934. The courts recognize that our legislature gives each plaintiff a statutory right to choose the venue for the vindication of his rights and that the plaintiff's interest in making that choice is "substantial." *First American Bank v. Guerine*, 198 Ill. 2d 511, 517, 764 N.E.2d 54, 58 (2002).

The plaintiff's substantial interest in choosing the location for his lawsuit "receives somewhat less deference when neither the plaintiff's residence nor the site of the accident or injury is located in the chosen forum." *Guerine*, 198 Ill. 2d at 517, 764 N.E.2d at 59. When the plaintiff chooses the place where he lives to pursue his cause of action, the courts reasonably assume that the choice is convenient. *Guerine*, 198 Ill. 2d at 517, 764 N.E.2d at 59. Likewise, when the plaintiff chooses the site of the accident or injury, the courts consider

7

that choice to be convenient because "the litigation has the aspect of being 'decided at home.' " *Guerine*, 198 Ill. 2d at 518, 764 N.E.2d at 59 (quoting *Brummett v. Wepfer Marine, Inc.*, 111 Ill. 2d 495, 500, 490 N.E.2d 694, 697 (1986)). In the instant case, the plaintiff's choice of forum is the site of the injury he alleged in his complaint–that he received an inadequate amount in settlement as a result of the defendants' professional negligence and fraud. Therefore, in this case, the plaintiff's choice of forum is entitled to substantial deference. As the Illinois Supreme Court stated in *Brummett*:

> "There is clearly an overriding element of essential fairness in condoning the choice by an injured party of the forum in which the injury was suffered. It also makes for sensible and effective judicial administration for a claim to be pursued in the forum where it arose. Where the plaintiff files his claim at the situs of his injury[,] there is a clear nexus with the forum, and the plaintiff cannot be charged with forum shopping." *Brummett*, 111 Ill. 2d at 500, 490 N.E.2d at 697.

The defendants argue that we should focus on the site of the *underlying* injury, which is the work injury, instead of the injury alleged in the pending complaint. That argument is without merit. The site of the underlying work injury is only tangentially relevant to the plaintiff's current cause of action, because the railroad did not contest liability and the plaintiff's claim was settled prior to filing any lawsuit. Further, the defendants make no claim that liability could have been a contested issue in the FELA claim. The underlying work injury is only relevant on the issue of damages. The evidence in this case will likely focus on the defendants' alleged professional negligence and fraudulent representations, not on the railroad's conduct in causing the plaintiff's underlying work injury.

Given the deference accorded the plaintiff's chosen forum, the burden is on the defendants to show that the relevant *forum non conveniens* factors *strongly* favor a transfer to another forum. *Langenhorst*, 219 Ill. 2d at 444, 848 N.E.2d at 935. In order to sustain

their burden of proof, the defendants were required to show that the plaintiff's chosen forum was inconvenient to them and that another forum was more convenient to *all the parties*. *Guerine*, 198 Ill. 2d at 518, 764 N.E.2d at 59. The bedrock of any *forum non conveniens* analysis is the consideration of the balance between the private-interest factors affecting the convenience of the litigants and the public-interest factors affecting the administration of the courts. See *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843 (1947); *Bland*, 116 Ill. 2d at 223-24, 506 N.E.2d at 1294.

The private-interest factors to be considered include the following: (1) the convenience of the parties, (2) the relative ease of access to sources of testimonial, documentary, and real evidence, and (3) all the other practical problems that make the trial of a case easy, expeditious, and inexpensive. *Langenhorst*, 219 Ill. 2d at 443, 848 N.E.2d at 935. The public-interest factors include these: (1) the interest in deciding controversies locally, (2) the unfairness of imposing the expense of a trial and the burden of jury duty upon residents of a forum with little connection to the litigation, and (3) the administrative difficulties presented by adding litigation to congested court dockets. *Langenhorst*, 219 Ill. 2d at 443-44, 848 N.E.2d at 935. "These factors are relevant considerations for both interstate and intrastate *forum non conveniens* analysis." *Langenhorst*, 219 Ill. 2d at 444, 848 N.E.2d at 935. Unless the balance of all these factors strongly favors a defendant's alternative choice of forum, the plaintiff's choice of forum should rarely be disturbed. *Gulf Oil Corp.*, 330 U.S. at 507-08, 91 L. Ed. at 1062, 67 S. Ct. at 842-43; *Langenhorst*, 219 Ill. 2d at 444, 848 N.E.2d at 935. Applying these factors to the case at bar, we find that the defendants have failed to demonstrate that the balance of private- and public-interest factors strongly favors a transfer to a forum in Missouri.

Considering the first private-interest factor, we have very little specific evidence about the convenience of the parties other than the facts that Rosen and his law firm reside in St.

9

Clair County, the plaintiff's chosen forum, and that Hardin lives and works in St. Louis, Missouri. Although the plaintiff does not live in St. Clair County, the defendants cannot prevail on their motion by arguing that the plaintiff is inconvenienced by his own choice of forum. See *Guerine*, 198 Ill. 2d at 518, 764 N.E.2d at 59. Clearly, Rosen and his law firm are not inconvenienced by the filing of this lawsuit in their home county.

Likewise, we find little support for the defendants' motion in the second private-interest factor–the relative ease of access to sources of testimonial, documentary, and real evidence. Although defendants who assert the right to transfer a case based upon *forum non conveniens* routinely provide the court with affidavits from witnesses detailing their difficulty in attending a trial in the plaintiff's chosen forum, the defendants in this case failed to attach a single affidavit from a witness asserting that it would be inconvenient to attend a trial in St. Clair County. The only affidavits submitted were from Rosen and Hardin, neither of whom claimed to be inconvenienced by a trial in St. Clair County.

We also note that it is difficult to assess this factor when the defendants failed to provide the trial court with any specific information about the location of any Missouri county. As a part of their proof, defendants asserting a right to transfer venue should provide the court with the distances between the chosen and proposed forums and the locations of witnesses and other evidence. This is necessary so that the court can assess the *relative* ease of access to sources of proof, as required by this factor. None of this information was provided in this case.

The defendants alleged in their motion that all the witnesses to the plaintiff's work injury "reside in Missouri." Even if we agreed with the defendants that the proof of the underlying work injury were a pivotal factor, which we do not, the defendants did not provide the trial court with the names, addresses, or likely testimony of any particular witness to the work injury. The trial court was not free to speculate about the possible inconvenience

10

to a group of unnamed witnesses who would have to travel from unknown locations in Missouri to give unspecified testimony in St. Clair County. See *Bird v. Luhr Brothers, Inc.*, 334 Ill. App. 3d 1088, 1094, 779 N.E.2d 907, 914 (2002).

The defendants alleged that the plaintiff received medical treatment for his work injury from hospitals and physicians in Jefferson City and Cape Girardeau, Missouri, and that he received physical therapy "in Missouri." The defendants provided no information, however, about the relative ease or inconvenience of obtaining the testimony of medical personnel who work in Jefferson City, Cape Girardeau, and possibly other Missouri cities. It is not clear from the record how many potential witnesses live or work in Jefferson City, Cape Girardeau, or some other location within Missouri, the likely content of their testimony, or how critical that evidence would be to the defense of this professional negligence and fraud case. The trial court was not free to speculate about those matters, and neither are we.

The defendants next argue that we should consider "the witnesses whose testimony might bear upon the settlement of the underlying FELA claim." The defendants assert that the issue of whether they could have settled the plaintiff's claim for more money "will implicate testimony from the representatives of the railroad," who they claim are "situated in Missouri, not Illinois." In support of that allegation, the defendants cite to the affidavits of Rosen and Hardin. In his affidavit, Rosen averred, "All of the witnesses, medical records, and other evidence regarding Mr. Brant's injury, treatment, and recovery are located in Missouri." In Hardin's affidavit, he averred that he had "several meetings with a Union Pacific representative regarding Mr. Brant's claim" and that all those meetings "occurred in Missouri." The defendants cite to no other evidence in the record to support this argument, and we find nothing else in our review of the record. The defendants were required to present something more than a general assertion that they would call "representatives of the railroad" who are "situated in Missouri." Simply put, the defendants' conclusions add

11

nothing to our resolution of this case because it is entirely unclear which witnesses the defendants would call to testify about the settlement value of the underlying FELA claim, where those witnesses reside, or whether they would suffer any inconvenience if required to testify at a trial in St. Clair County.

The defendants also argue that if it becomes necessary for the jury to view the scene of the plaintiff's work injury, it would be more convenient for a Missouri jury to accomplish that. We reject this argument as unworthy of any weight. First, the defendants do not explain why it would be necessary to their defense for the jury to see the location of the plaintiff's work injury. They do not allege that the scene is relevant to the settlement value of the FELA claim, and they do not allege that the scene is currently in the same condition as it was on the date of the work injury. Second, the railroad settled the plaintiff's claim before any lawsuit was filed and did not contest liability. Finally, the defendants do not explain how a jury view of the scene of the work injury will aid the jurors in deciding the plaintiff's professional negligence and fraud claims. We acknowledge that the decision to allow a jury to view the scene of an injury is within the broad discretion of the trial court. *Dawdy*, 207 Ill. 2d at 179, 797 N.E.2d at 697. However, for purposes of this appeal, we do not find any abuse of discretion in the trial court's denial of the defendants' motion based upon this factor.

Next, we address the third private-interest factor–all the other practical problems that make the trial of a case easy, expeditious, and inexpensive. The defendants argue that if this case is prosecuted in St. Clair County, Illinois, there is no subpoena power available to secure the attendance in Illinois of the plaintiff's medical providers but that both Rosen and Hardin are subject to compulsory process in Missouri. However, since we have already found that the defendants did not present reliable information about the nature of any Missouri witness's testimony, we give that factor very little weight.

12

The defendants further argue that if the railroad had not agreed to settle the plaintiff's FELA claim before a lawsuit was filed, the plaintiff would not have been able to file the FELA lawsuit in Illinois, "given the lack of venue here." The defendants are wrong. State courts have concurrent jurisdiction with federal courts over FELA actions. 45 U.S.C. §56 (2000). Under our venue statutes, a lawsuit may be filed against a railroad in any county in which it "is doing business." 735 ILCS 5/2-102(a) (West 2004). We take judicial notice that the railroad does business in St. Clair County. See *Eagle Marine Industries, Inc. v. Union Pacific R.R. Co.*, 363 Ill. App. 3d 1166, 845 N.E.2d 869 (2006) (the defendant railroad was enjoined from obstructing a crossing it owned and controlled in Sauget, St. Clair County, Illinois). Therefore, if Rosen had filed a lawsuit prior to settling the plaintiff's FELA claim, venue for that lawsuit would have been proper in St. Clair County, Illinois. The issue in this case is not whether a *forum non conveniens* motion would have been granted in the underlying FELA action. In this case, the private- and public-interest factors must be applied to the professional negligence and fraud action that is before this court.

The defendants next argue that the public-interest factors strongly favor a transfer to Missouri. The first public-interest factor we must consider is the interest in deciding controversies locally. The defendants argue that because the plaintiff is a Missouri resident and his underlying work injury occurred in Missouri, an Illinois jury has "no connection" to this case. We disagree. Although Rosen is licensed to practice law in both Missouri and Illinois, he maintains his office in St. Clair County, Illinois, and as a result, the people of St. Clair County have a tremendous interest in the plaintiff's allegations of professional negligence and fraud against one of their resident attorneys and his law firm. In order for this case to be decided locally, it should be decided in St. Clair County, the location where, according to the complaint, Rosen and his law firm represented themselves to be FELA lawyers, agreed to represent the plaintiff, conducted that representation, maintained a file,

13

and made decisions that ultimately resulted in a settlement that the plaintiff now claims is inadequate. While we certainly do not make any judgments concerning the merits of the plaintiff's case or make any predictions about the outcome, we recognize that the gravamen of the plaintiff's complaint concerns conduct occurring in Illinois, not Missouri.

Applying the second public-interest factor, we see no unfairness in imposing the expense of a trial and the burden of jury duty upon the residents of St. Clair County in this case. It stands to reason that St. Clair County residents should have an avid interest in deciding whether one of their own attorneys, his law firm, and the law firm's consultant are guilty of professional negligence and fraud. Whatever the outcome of the case, the people with the greatest reason to decide the case most fairly are those closest to the controversy, the residents of St. Clair County.

Under the third public-interest factor, the defendants cite court congestion in St. Clair County as a reason for a transfer to a county in Missouri. As we previously noted, the defendants did not provide the trial court with any evidence of the relative court congestion in St. Clair County or in any proposed forum. We acknowledge that the defendants included in the appendix to their brief copies of documents purporting to show that the St. Clair County court system is more congested than any proposed forum in Missouri. We decline to take judicial notice of these documents when they were never submitted to the trial court. Even if we were to accept the defendants' assertions that St. Clair County is more congested, however, the congestion of the courts is but one part of the public-interest analysis, and we would not be persuaded that the defendants met their burden of proof.

The defendants have failed to meet their burden of showing that a balancing of the relevant private- and public-interest factors strongly favors a transfer from the plaintiff's chosen forum. As a consequence, we find that the trial court did not abuse its discretion in denying the defendants' motion to dismiss based upon *forum non conveniens*.

14

To complete our analysis, however, we must consider the defendants' reliance upon *Merritt v. Hopkins Goldenberg, P.C.*, 362 Ill. App. 3d 902, 841 N.E.2d 1003 (2005), an opinion we issued after the briefs were filed but prior to oral arguments before this court in the present case. The defendants requested leave to cite *Merritt* as supplemental authority, and we granted their request. In *Merritt*, we considered an intrastate *forum non conveniens* motion filed and denied in a Madison County legal malpractice action. *Merritt*, 362 Ill. App. 3d at 904, 841 N.E.2d at 1006. There, the underlying case involved a wrongful-death-and-survival action that was filed in Alexander County and settled before trial. *Merritt*, 362 Ill. App. 3d at 904, 841 N.E.2d at 1005-06. In the legal malpractice action, the plaintiffs alleged that the defendants settled the plaintiffs' claim for an inadequate amount. *Merritt*, 362 Ill. App. 3d at 904, 841 N.E.2d at 1005. The legal malpractice action was tried before a Madison County jury after the denial of the defendants' motion to remove the case to Alexander County, where the plaintiffs lived, where the underlying vehicle accident occurred, where the estate of the child-victim was being administered, and where the court approved the settlement in the underlying case. *Merritt*, 362 Ill. App. 3d at 912, 841 N.E.2d at 1012. In *Merritt*, we first held that the plaintiffs failed to prove their cause of action for legal malpractice and that the defendants were entitled to a new trial. *Merritt*, 362 Ill. App. 3d at 912, 841 N.E.2d at 1012. Additionally, we held that the Madison County circuit court abused its discretion by denying the defendants' *forum non conveniens* motion and that, upon remand, the case should be transferred to Alexander County. *Merritt*, 362 Ill. App. 3d at 913, 841 N.E.2d at 1012-13.

Our decision in *Merritt* raises the question of whether a legal malpractice action alleging an inadequate settlement *must* be transferred to the county where the underlying injury occurred. *Merritt* does not stand for the proposition that a legal malpractice action such as this case *must* be tried in the county where the underlying injury occurred. *Merritt*

15

established no bright-line rule, and we did not intend to change the basic rules applicable to *forum non conveniens* cases by our decision in *Merritt*.

In *Merritt*, we simply applied the basic *forum non conveniens* rules to a factual scenario that is distinguishable from the case at bar, and after that application, we concluded that the most appropriate forum under *those circumstances* was the county in which the underlying cause of action arose. However, there were additional, important connections to that county that do not exist in the case at bar: in *Merritt*, venue for the underlying action would not have been proper in Madison County, the accident occurred in Alexander County, the plaintiffs lived in Alexander County, the child-victim's estate was being probated there, the Alexander County circuit court had approved the settlement of the underlying wrongful-death-and-survival action, and the defendants' expert witness practiced law from his office in Alexander County. *Merritt*, 362 Ill. App. 3d at 912, 841 N.E.2d at 1012.

By contrast, in the instant case, Rosen did not file a lawsuit concerning the plaintiff's underlying work injury in any county, but had he done so, St. Clair County would have been among the jurisdictions in which venue was proper. Additionally, the plaintiff lives in one county in Missouri and his work injury occurred in another, and from the record, it appears that the witnesses to the underlying work injury are scattered throughout various Missouri counties so that no single Missouri county has a particularly strong connection to the case at bar. Moreover, Rosen maintains his law practice in St. Clair County, his file concerning the settlement of the plaintiff's claim is in St. Clair County, and the railroad's attorney and its file are in St. Clair County. Further, the plaintiff in this case has alleged fraud, which was not alleged in *Merritt*.

Because the facts of the plaintiff's underlying cause of action are significantly different from those in *Merritt*, the ruling in that case is distinguishable and does not control the outcome of this case. We continue to adhere to the basic rules governing *forum non*

16

*conveniens* cases, and our decision in *Merritt* did nothing to change those rules.

## CONCLUSION

For all the reasons stated, we affirm the trial court's denial of the defendants' motion to dismiss based upon the doctrine of *forum non conveniens*.

Affirmed.

GOLDENHERSH and CHAPMAN, JJ., concur.

NO. 5-04-0516

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| IVAN BRANT, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 03-L-418 |
| | ) | |
| RICK ROSEN and ROSEN LAW | ) | |
| FIRM, P.C., | ) | |
| | ) | |
| Defendants-Appellants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DWIGHT HARDIN, | ) | Honorable |
| | ) | Lloyd A. Cueto, |
| Defendant. | ) | Judge, presiding. |

---

**Opinion Filed**: April 27, 2007

---

**Justices**: Honorable Bruce D. Stewart, J.

Honorable Richard P. Goldenhersh, J., and
Honorable Melissa A. Chapman, J.,
Concur

---

**Attorneys for Appellants**
Joshua G. Vincent, Terese A. Drew, Timothy G. Shelton, Hinshaw & Culbertson, 222 North La Salle Street, Suite 300, Chicago, IL 60601 (attorneys for Rick Rosen and Rosen Law Firm, P.C.)

Warren Lupel, Jonathan D. Sherman, Weinberg Richmond LLP, 333 West Wacker Drive, Suite 1800, Chicago, IL 60606 (attorneys for Dwight Hardin - ADOPTED ROSEN'S BRIEF)

---

**Attorneys for Appellee**
Thomas Q. Keefe, Jr., Thomas Q. Keefe, Jr., P.C., #6 Executive Woods Court, Belleville, IL 62226