NOTICE
Decision filed 08/05/19. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2019 IL App (5th) 180568

NO. 5-18-0568

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| REBECCA KUJAWA, Special Administrator of the Estate of John Kujawa, Deceased, | ) ) ) | Appeal from the Circuit Court of Madison County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 17-L-321 |
| JOHN HOPKINS and JOHN J. HOPKINS & ASSOCIATES, P.C., | ) ) ) ) | Honorable William A. Mudge, |
| Defendants-Appellants. | ) | Judge, presiding. |

_____

JUSTICE CATES delivered the judgment of the court, with opinion.
Presiding Justice Overstreet and Justice Moore concurred in the judgment and opinion.

**OPINION**

¶ 1       The plaintiff, Rebecca Kujawa, special administrator of the estate of John Kujawa, deceased, filed a legal malpractice complaint in the circuit court of Madison County, against the defendants, John Hopkins and John J. Hopkins & Associates, P.C. The defendants moved to transfer the case to the circuit court of Effingham County under the doctrine of intrastate *forum non conveniens*. The motion was denied. The defendants filed a petition for leave to appeal pursuant to Illinois Supreme Court Rule 306(a)(2) (eff. July 1, 2014). This court granted the petition, and for reasons that follow, we affirm.

¶ 2                    I. BACKGROUND AND PROCEDURAL HISTORY

¶ 3       This legal malpractice action was brought against the defendants, John Hopkins and John J. Hopkins and Associates, P.C., in the circuit court of Madison County, Illinois. The action

arose from the defendants' decisions to voluntarily dismiss the plaintiff's medical negligence action in state court and refile it in federal court, where it was then dismissed for lack of jurisdiction. Because a plaintiff is permitted to refile a cause of action only one time after taking a voluntary dismissal, the underlying medical negligence action could not be recommenced. The basic facts are not disputed.

¶ 4    In December 2012, John Kujawa underwent knee replacement surgery at St. Anthony's Memorial Hospital (St. Anthony's Hospital) in Effingham, Illinois. The surgery was performed by Dr. Peter Bonutti. Dr. Bonutti resides and practices medicine in Effingham, Illinois. Dr. Jeffrey Jenson provided postoperative medical care during John Kujawa's hospital stay. Dr. Jenson also resides and practices in Effingham, Illinois. On December 8, 2012, John Kujawa was discharged from St. Anthony's Hospital and allowed to return to his home. At that time, John Kujawa and his spouse, Rebecca Kujawa, lived in Ashley, Washington County, Illinois. Upon discharge, John Kujawa was given a prescription for anticoagulant medication because of the risk of blood clots associated with joint replacement surgeries. Tragically, within 10 to 12 hours after being discharged from the hospital, John Kujawa developed a pulmonary embolism and passed away.

¶ 5    Rebecca Kujawa engaged defendant Hopkins and his law firm to represent the decedent's estate in a potential medical negligence action against St. Anthony's Hospital and Dr. Jenson. Defendant Hopkins resides and practices law in Madison County. His law firm is also located in Madison County, Illinois.

¶ 6    On November 17, 2014, the defendants filed a medical negligence action in the circuit court of Effingham County, on behalf of the estate of John Kujawa and against Dr. Jenson and St. Anthony's Hospital. Rebecca Kujawa had been appointed as the special administrator of the estate. According to the complaint, Dr. Jenson failed to appreciate that, prior to discharge, the

- 2 -

decedent's international normalized ratio (INR) rate for blood clotting was at a subtherapeutic level and failed to continue with appropriate medications to restore the INR rate to an appropriate level. The complaint alleged that St. Anthony's Hospital failed to provide the decedent with information concerning his moderate to high risk for deep venous thrombosis and pulmonary embolism and the significance of anticoagulant therapy and failed to appreciate that, prior to discharge, the decedent's INR rate for blood clotting was at a subtherapeutic level.

¶ 7 Sometime after filing the medical negligence action, the defendants learned that Rebecca Kujawa had moved from Illinois to Tennessee. In February 2015, the defendants voluntarily dismissed the medical negligence action in Effingham County pursuant to section 2-1009 of the Code of Civil Procedure (735 ILCS 5/2-1009 (West 2014)). On March 2, 2015, the defendants refiled the action in the United States District Court in East St. Louis, Illinois. On April 7, 2015, the federal court dismissed the action for lack of diversity jurisdiction. The court concluded that there was no diversity of citizenship because the decedent's domicile at the time of death determined that plaintiff's citizenship and all parties to the litigation were citizens of Illinois. On April 23, 2015, the defendants refiled the medical negligence action in Effingham County. The case was dismissed with prejudice because the plaintiff was only entitled to a single refiling of her action after voluntarily dismissing the original action in Effingham County. See *Timberlake v. Illini Hospital*, 175 Ill. 2d 159, 676 N.E.2d 634 (1997).

¶ 8 The plaintiff hired new counsel and filed this legal malpractice action against the defendants in the circuit court of Madison County, Illinois. In the second amended complaint, the plaintiff alleged that the defendants breached their standard of care in that they voluntarily dismissed the underlying medical negligence action without a valid reason or a plan to lawfully reinstate the case and subsequently refiled the action in a federal court that lacked jurisdiction, thereby resulting in the dismissal of the federal action and the procedural bar to the refiling of the

case in the state court. The plaintiff further alleged that but for the defendants' negligence, she would have prevailed in her medical negligence action. The plaintiff asserted that as a proximate cause of the defendants' negligence, she was forever barred from pursuing just compensation for the wrongful death of the decedent.

¶ 9   The defendants filed an answer to the second amended complaint. Therein, the defendants admitted that their conduct fell below the applicable standard of care in refiling the medical negligence action in a federal court that lacked diversity jurisdiction and thereby barred a refiling of plaintiff's medical negligence claim in state court. The defendants, however, did not admit that a jury in Effingham County would have found either St. Anthony's Hospital or Dr. Jenson liable in the underlying medical negligence action.

¶ 10   Subsequently, the defendants moved to transfer the legal malpractice action to Effingham County, or alternatively Washington County, on grounds of intrastate *forum non conveniens*. The defendants claimed that Effingham County was a more convenient forum for the trial of the legal malpractice case because the primary contested issue was whether Dr. Jenson and St. Anthony's Hospital committed medical negligence while treating the decedent in Effingham County. The defendants argued that essential medical witnesses and pertinent records of the decedent's medical treatment occurred in Effingham County. The defendant identified six health care professionals who cared for the decedent and who would likely be called as witnesses. Of those witnesses, three resided in Effingham County, and the others resided in nearby Salem, Sigel, and Teutopolis respectively. The defendants claimed that the ability to secure these medical witnesses was a primary concern. They argued that these witnesses would be required to travel approximately 90 miles for a trial in Madison County and that this would pose an inconvenience for them. The defendants also argued that the task of securing the medical witnesses and scheduling their appearances at trial was complicated by the fact that the defense was precluded

from making direct contact with these witnesses under the *Petrillo*[1] doctrine. The defendants noted that the plaintiff had identified as witnesses two first responders who attempted to revive the decedent and a medical doctor who treated the plaintiff for depression following decedent's death, as well as family and friends. The defendants argued that these witnesses resided in Washington and Marion Counties and would have to travel a similar distance whether the case is tried in Effingham County or Madison County. The defendants asserted that jurors in Effingham County have an interest in deciding whether their local medical providers were negligent and that the case could be tried more expeditiously in Effingham County because the court's dockets were less congested than the dockets in Madison County. Finally, the defendants asserted that the legal malpractice case should proceed to trial in Effingham County, the county where the underlying medical negligence case arose and was properly venued. Defendants' argument relied heavily on *Merritt v. Hopkins Goldenberg, P.C.*, 362 Ill. App. 3d 902, 841 N.E.2d 1003 (2005), in support of their assertion for transfer.

¶ 11    The plaintiff filed a response in opposition to the motion to transfer. Therein, the plaintiff argued that Madison County is the most convenient forum for the plaintiff and the defendants to try the case. The plaintiff asserted that the defendants are residents of Madison County; that the legal malpractice, consisting of strategies and decisions to dismiss the original medical negligence case and to refile it in a federal court lacking jurisdiction, occurred in defendants' offices in Madison County; and that the parties and their attorneys would be significantly inconvenienced by having to travel to Effingham County for pretrial hearings and the trial. The plaintiff also argued that the witnesses and documentary evidence were situated among Madison

_____

[1]Under the *Petrillo* doctrine, *ex parte* communications between a plaintiff's treating physicians and defense counsel are barred as a matter of public policy because such communications compromise the sanctity of the physician-patient relationship. *Petrillo v. Syntex Laboratories, Inc.*, 148 Ill. App. 3d 581, 499 N.E.2d 952 (1986).

County, Washington County, and Effingham County. The plaintiff asserted that the citizens of Madison County have a significant interest in deciding whether lawyers who reside and regularly practice in Madison County committed legal malpractice and that the case could be tried quickly and conveniently in Madison County. Finally, the plaintiff argued that the *Merritt* case, relied upon by the defendants, does not stand for the proposition that a legal malpractice case must be tried in the county where the underlying injury occurred. The plaintiff cited *Brant v. Rosen*, 373 Ill. App. 3d 720, 869 N.E.2d 232 (2007), in support of her argument.

¶ 12 The defendants' motion to transfer was called for hearing. After considering the record and the oral arguments and written submissions of counsel, the circuit court issued a written order denying the defendants' motion to transfer based on *forum non conveniens*. The defendants filed a petition for leave to appeal under Illinois Supreme Court Rule 306(a)(2) (eff. July 1, 2014), which was granted. On appeal, the defendants argue that the trial court abused its discretion in denying their motion to transfer this case to Effingham County.[2]

¶ 13                                   II. ANALYSIS

¶ 14 The Illinois venue statute provides that every action must be commenced in "the county of residence of any defendant who is joined in good faith" or in "the county in which the transaction or some part thereof occurred out of which the cause of action arose." 735 ILCS 5/2-101 (West 2016). If more than one potential forum exists, the doctrine of *forum non conveniens* may be invoked to determine the most appropriate forum. *First American Bank v. Guerine*, 198 Ill. 2d 511, 515, 764 N.E.2d 54, 57 (2002).

¶ 15 *Forum non conveniens* is an equitable doctrine founded in considerations of fundamental fairness and sensible and effective judicial administration. *Langenhorst v. Norfolk Southern Ry.*

---

[2]In defendants' motion to transfer in the trial court, the defendants argued, in the alternative, that Washington County was a convenient forum for trial of this case. The defendants have not advanced that argument on appeal.

*Co.*, 219 Ill. 2d 430, 441, 848 N.E.2d 927, 934 (2006). The doctrine allows a circuit court to decline jurisdiction in the exceptional case when it appears that trial in another forum, with proper jurisdiction and venue, would better serve the ends of justice. *Guerine*, 198 Ill. 2d at 515. A circuit court is vested with considerable discretion in determining whether to grant a *forum non conveniens* motion, and the court's determination will not be reversed unless it can be shown that the court abused its discretion in balancing the relevant public and private interest factors. *Langenhorst*, 219 Ill. 2d at 442. A circuit court abuses its discretion where no reasonable person would take the view adopted by the circuit court. *Langenhorst*, 219 Ill. 2d at 442.

¶ 16      In evaluating a *forum non conveniens* motion, the circuit court must consider all relevant private interest factors and public interest factors, without emphasizing any single factor. *Langenhorst*, 219 Ill. 2d at 443. The court does not weigh the private interest factors against the public interest factors. *Guerine*, 198 Ill. 2d at 518. Instead, the court evaluates the total circumstances of the case in deciding whether the movant has proven that the balance of factors strongly favors transfer. *Guerine*, 198 Ill. 2d at 518. Each case must be considered on its own unique facts. *Langenhorst*, 219 Ill. 2d at 443.

¶ 17      Private interest factors include the convenience of the parties, the relative ease of access to sources of testimonial, documentary, and real evidence, and all other practical considerations that make trial of a case easy, expeditious, and less expensive. *Langenhorst*, 219 Ill. 2d at 443; *Guerine*, 198 Ill. 2d at 516. Public interest factors include the interest in deciding controversies locally, the unfairness of imposing the expense of a trial and the burden of jury duty on residents of a county with little connection to the litigation, and the administrative difficulties presented by adding additional litigation to already congested court dockets. *Langenhorst*, 219 Ill. 2d at 443-44; *Guerine*, 198 Ill. 2d at 516-17. The moving party has the burden to show that the balance of

relevant private and public interest factors strongly favors transfer. *Langenhorst*, 219 Ill. 2d at 444.

¶ 18    Before analyzing the relevant interest factors, the circuit court should consider how much deference to give to the plaintiff's choice of forum. See *Langenhorst*, 219 Ill. 2d at 448. The plaintiff has a substantial interest in choosing the forum for his case. *Guerine*, 198 Ill. 2d at 517. Thus, the plaintiff's choice of forum is entitled to substantial deference and should rarely be disturbed unless other factors strongly favor transfer. See *Langenhorst*, 219 Ill. 2d at 448; *Guerine*, 198 Ill. 2d at 517. That said, the plaintiff's choice of forum receives somewhat less deference when the plaintiff chooses a forum other than his place of residence or the location where some part of the action arose. *Guerine*, 198 Ill. 2d at 517; *Brummett v. Wepfer Marine, Inc.*, 111 Ill. 2d 495, 500, 490 N.E.2d 694, 697 (1986). Less deference, however, does not mean no deference. *Guerine*, 198 Ill. 2d at 518. A defendant has the burden to show that the plaintiff's chosen forum is inconvenient to that defendant and that another forum is more convenient to all parties. *Langenhorst*, 219 Ill. 2d at 444; *Guerine*, 198 Ill. 2d at 518. In doing so, however, the defendant may not argue that the plaintiff's chosen forum is inconvenient to the plaintiff. *Langenhorst*, 219 Ill. 2d at 444; *Guerine*, 198 Ill. 2d at 518.

¶ 19    Our supreme court has recognized that *forum non conveniens* jurisprudence was cultivated in an effort to curtail forum shopping by plaintiffs. *Guerine*, 198 Ill. 2d at 521. Forum shopping has been looked on with disfavor because it has the potential to burden communities with litigation over disputes that arose elsewhere. See *Guerine*, 198 Ill. 2d at 520-21. Our supreme court has also recognized that forum shopping is not employed exclusively by the plaintiffs' bar and that both plaintiff's counsel and defense counsel engage in tactical maneuvers to obtain a forum that will enable them to achieve the best result for their clients, while all other considerations of convenience are secondary. *Guerine*, 198 Ill. 2d at 521.

¶ 20     With these principles in mind, we now consider whether the trial court abused its discretion in denying the defendant's motion to transfer. The trial court prepared a thorough written order, containing its evaluation of the relevant public and private interest factors. As a result, we have a record upon which to review the court's decision.

¶ 21               A. Each Forum Motion Is Decided on Its Own Unique Facts

¶ 22     Before proceeding with the forum analysis, we will address the defendants' contention that this case should have been transferred to Effingham County pursuant to *Merritt*, 362 Ill. App. 3d 902. The defendants assert that the only issues to be decided in the instant case are whether a jury in Effingham County would have found its local medical care providers guilty of medical negligence and, if so, what amount the local jury would have awarded the plaintiff. The defendants contend that these issues are localized and unique to Effingham County. They assert that the underlying medical negligence action could not have been properly venued in Madison County and that the plaintiff elected to put herself in a better position by filing the instant action in Madison County. The defendants claim that under the *Merritt* decision, a legal malpractice case must be tried in the county where the underlying cause of action or injury occurred.

¶ 23     In *Merritt*, the plaintiffs filed a legal malpractice action in Madison County against their former attorneys, alleging that the defendants obtained an inadequate settlement of $200,000 in the underlying wrongful death case filed in Alexander County. *Merritt*, 362 Ill. App. 3d 902. The former-attorney defendants were residents of Madison County. The underlying action arose from an automobile accident that occurred in Alexander County, and the plaintiffs were residents of Alexander County. More than two years after the legal malpractice complaint was filed, and less than one week before trial, the defendants filed a motion to transfer the case from Madison County to Alexander County. *Merritt*, 362 Ill. App. 3d at 904. The motion to transfer was denied.

The case was tried in Madison County, and the jury returned a verdict in favor of the plaintiffs in the sum of $675,000. *Merritt*, 362 Ill. App. 3d at 908.

¶ 24     On appeal, the defendants argued that the trial court erred in denying their motion for a judgment notwithstanding the verdict, that the verdict was against the manifest weight of the evidence, and that other errors, including the erroneous denial of their motion to transfer, entitled them to a new trial. *Merritt*, 362 Ill. App. 3d at 909. A panel of this court initially found that the plaintiffs failed to present sufficient evidence to demonstrate that but for counsel's negligence they would have received a higher settlement for the wrongful death claim. *Merritt*, 362 Ill. App. 3d at 912. The court found that the verdict was contrary to the manifest weight of the evidence and ordered a new trial. Because the case was being remanded for a new trial, the court considered the forum issue. In an abbreviated analysis, the court found that the appropriate forum for the legal malpractice case was Alexander County. The court noted that the plaintiffs were residents of Alexander County, that the underlying vehicle accident occurred in Alexander County, that the settlement was approved by the circuit court in Alexander County, and that the defendants' expert was located in Alexander County. The court also found that Alexander County had a "strong interest in determining the value of a wrongful-death-of-a-minor suit originating in its forum." *Merritt*, 362 Ill. App. 3d at 912. The court concluded that the circuit court abused its discretion in denying the defendant's *forum non conveniens* motion and ordered that, upon remand, the case be transferred to Alexander County. *Merritt*, 362 Ill. App. 3d at 912-13.

¶ 25     Subsequently, in *Brant*, 373 Ill. App. 3d at 731, this court recognized that our decision in *Merritt* raised a question of whether a legal malpractice case alleging an inadequate settlement must be transferred to the county where the underlying injury occurred. In answering that question, we stated that *Merritt* did not stand for the proposition that a legal malpractice case

- 10 -

must be transferred to the county where the underlying injury occurred. We explained that *Merritt* did not establish a bright-line rule and that we did not intend to change the basic rules applicable to *forum non conveniens* cases by our decision in *Merritt*. *Brant*, 373 Ill. App. 3d at 732.

¶ 26    After reviewing the record, we have determined that the facts and circumstances presented here are different from those in *Merritt* and that the ruling in *Merritt* does not control the outcome here. This is not a case where the sole issue is the adequacy of a pretrial settlement. The issues are not localized and unique to Effingham County. Moreover, our supreme court has instructed that each *forum non conveniens* case is unique and must be decided on a case-by-case consideration of convenience and fairness. *Langenhorst*, 219 Ill. 2d at 443. Therefore, we will continue to adhere to the basic rules governing *forum non conveniens* cases.

¶ 27                                B. Plaintiff's Choice of Forum

¶ 28    Before turning to the pertinent private and public interest factors, we first consider what deference is due the plaintiff's choice of forum. The trial court found that the chosen forum, Madison County, was due "somewhat less deference," as opposed to no deference, because the plaintiff did not reside in Madison County. As noted earlier, a plaintiff's choice of forum receives somewhat less deference when the plaintiff chooses a forum other than his place of residence *or* the location where some part of the action arose. *Guerine*, 198 Ill. 2d at 517; *Brummett*, 111 Ill. 2d at 500. In this case, the parties seem to agree that the legal malpractice case could not have been properly venued in Washington County, the decedent's place of residence. Defendant Hopkins and his law firm are residents of Madison County, and so this case is properly venued in Madison County. 735 ILCS 5/2-101, 2-102 (West 2016). The drafting of pleadings, the legal strategies, and the decisions to voluntarily dismiss the underlying medical negligence action in state court and refile it in federal court occurred at defendants' offices in

- 11 -

Madison County. Thus, a substantial part of the acts of legal malpractice giving rise to the plaintiff's injuries occurred in Madison County. *Brummett*, 111 Ill. 2d at 500 (the choice of site giving rise to litigation is convenient because the litigation has the aspect of being localized (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947)). Accordingly, we find that the plaintiff's choice of forum should be accorded substantial deference and that the trial court's application of "less deference" was incorrect. Thus, the battle over forum begins with the plaintiff's choice of forum in the lead. *Guerine*, 198 Ill. 2d at 521.

¶ 29                                    C. Private Interest Factors

¶ 30     Turning to the private interest factors, the trial court initially considered the convenience of the parties. According to the record, the plaintiff was a resident of Washington County when this cause of action arose, and the special administrator of decedent's estate has since relocated to Tennessee. Although the plaintiff resides outside the chosen forum, it is presumed that the chosen forum is convenient to her. The defendants may not prevail by asserting that a trial in the plaintiff's chosen forum is inconvenient to the plaintiff. *Langenhorst*, 219 Ill. 2d at 444; *Guerine*, 198 Ill. 2d at 518. Defendant Hopkins resides in Madison County, and his law firm is located in Madison County. The trial court noted that defendant Hopkins is "of counsel" to a law firm whose offices are across the street from the Madison County courthouse. Moreover, the defendants have acknowledged, for purposes of weighing this factor, that it is not inconvenient for them to attend a trial in Madison County. As such, the trial court did not abuse its discretion in finding that this factor does not favor transfer.

¶ 31     The next factor is the relative ease of access to testimonial, documentary, and other evidence. The defendants argue that a trial in Effingham County would be more convenient than a trial in Madison County because the primary issue in the legal malpractice case is whether the medical care providers in the underlying case were medically negligent in treating the decedent.

- 12 -

The defendants claim that they must defend against the underlying allegations of medical negligence arising from medical treatment that was provided in Effingham County and that the majority of the witnesses in the medical negligence case reside and practice in Effingham County. The trial court aptly noted that none of the medical witnesses submitted an affidavit attesting to the inconvenience of attending a trial in Madison County as compared with Effingham County. The defendants indicated that they were unable to contact and obtain affidavits from the medical witnesses under the *Petrillo* doctrine. On appeal, the defendants have suggested that it is "intuitive" that Effingham County would provide a more convenient forum for those witnesses because it is closer to their homes and work. However, a court may not presume inconvenience. Further, we do not find that inconvenience is measured solely in mileage. Given that the medical negligence action is procedurally barred, it is possible that the medical witnesses would prefer to travel outside their forum to testify. As noted by the trial court, the schedule of these medical providers will be interrupted whether this case is tried in Effingham County or Madison County. Finally, we recognize that this is a legal malpractice action and that the plaintiff has alleged that significant acts of legal malpractice took place in Madison County, where the decisions were made to dismiss the original medical negligence action and refile it in the federal district court in East St. Louis. The defendants contend that they have admitted to a breach of the standard of care, thereby removing that element as an issue in the case. We do not agree. Despite defendants' admission, the plaintiff remains entitled to present evidence of the breach of the standard of care at trial. Thus, it is not inconceivable that defendant Hopkins or staff members from his law firm may be called as witnesses in this case. The defendants' files in the underlying litigation, including assessments by medical experts and damages experts, are located in the defendants' offices in Madison County. We take judicial notice that the distance between the Effingham County courthouse and the Madison County

courthouse is approximately 84 miles. Thus, either the defendants in this case or the medical witnesses in the underlying case may be required to travel that distance for the trial. In addition, there are several witnesses who reside in or near Washington County that have been identified by the plaintiff. These witnesses include the first responders and family and friends of the decedent who might help establish damages. All of these witnesses will have to travel more than 50 miles whether the case proceeds in Effingham County or Madison County. For many of these witnesses, a commute to Effingham County will be about 10 miles further than a commute to Madison County. None of these witnesses have indicated that it would be inconvenient to travel to Madison County for trial. Finally, we note that technological advances allow for the parties to present video depositions as well as live testimony from remote locations.

¶ 32    In this case, the pertinent records regarding legal malpractice are located in defendants' files in Madison County, and the pertinent medical records regarding the issue of medical negligence are primarily located in Effingham County. The defendants have not demonstrated that these records cannot be easily scanned and transmitted electronically to counsel for all parties. Nor have the defendants demonstrated that transporting original records to the chosen forum would pose a significant burden.

¶ 33    In summary, the witnesses and the documentary evidence are located in Madison County, Effingham County, and Washington County. The documentary evidence is capable of being produced for trial in either Effingham County or Madison County. On balance, the defendants have not shown that the ease of access to testimonial, documentary, and real evidence strongly favors transfer to Effingham County. As such, the trial court did not abuse its discretion in finding that this factor does not strongly favor transfer.

¶ 34    Another private interest factor is the possibility of viewing the premises, if appropriate. *Langenhorst*, 219 Ill. 2d at 448-49. In its order, the trial court noted that neither party argued that

a view of the location of the occurrence would be necessary or helpful to the trier of fact. Thus, the trial court did not abuse its discretion in concluding that this factor does not strongly favor transfer.

¶ 35    Finally, we consider the remaining private interest factors regarding the availability of compulsory service to secure the attendance of unwilling witnesses, the cost to secure the attendance of willing witnesses, and all other practical considerations that make a trial easy, expeditious, and inexpensive. Compulsory process is available in Effingham County and Madison County. The potential witnesses who have been identified are subject to subpoena to produce themselves and relevant documents in either county. The defendants and their employees may be compelled to appear and produce documents and tangible things through a notice under Illinois Supreme Court Rule 237(b) (eff. July 1, 2005). The costs of securing witnesses would almost certainly balance out whether the trial occurs in Effingham County or Madison County. Given the travel distances involved, it is unlikely that an overnight stay would be required for any of the currently known witnesses, other than the special administrator. At present, with the exception of the special administrator, no out-of-state witnesses have been identified and trial experts have not yet been disclosed. Finally, the record shows that the defendants' attorneys have offices in Madison County and that the plaintiff's attorney has an office in nearby St. Clair County. Although this factor does not carry great weight, it remains a factor that falls within the other practical consideration that makes a trial easy, expeditious, and inexpensive. Thus, the trial court did not abuse its discretion in finding that the remaining private interest factors do not strongly favor transfer.

¶ 36                          D. Public Interest Factors

¶ 37    We next consider the public interest factors. These include the interest in having localized controversies decided locally and the unfairness of imposing the expenses of a trial and the

- 15 -

burden of jury duty on a county with little connection to the case. The defendants assert that because they have admitted to a breach of the standard of care, the pertinent discovery, testimony, and documentary evidence concerning the underlying claim is primarily located in Effingham County. The defendants also assert that the citizens of Effingham County have a significant interest in deciding a controversy involving alleged medical negligence by local medical care providers. The plaintiff argues that the citizens of Madison County have a significant interest in deciding a controversy alleging legal malpractice against attorneys who reside and practice in Madison County. As the record reflects, this case does not involve a particularly localized controversy. In essence, both counties have some interest in the resolution of this case. While the citizens of Effingham County have an interest in the underlying allegations of medical negligence that occurred in their county, the pending case is a legal malpractice case against lawyers who reside and practice in Madison County. As a result, Madison County has a significant interest in and connection to this litigation, and it would not be unfair to impose the expense of a trial and the burden of jury duty on the citizens of Madison County. Based on the record, the trial court did not abuse its discretion in finding that these factors do not strongly favor transfer.

¶ 38    The final public interest factor considers the administrative difficulties presented by adding litigation to already congested court dockets. In this case, the trial court noted that each party referred to statistics compiled in the 2016 Annual Report of the Administrative Office of Illinois Courts, which were favorable to their respective positions, and that neither party provided specific information as to individual caseloads and case management of the judges. The trial court specifically found that there were no administrative problems in relation to the docket management of this case or to the court's ability to schedule an expeditious trial. The court concluded that this factor did not favor transfer. Our supreme court has held that in deciding a

*forum non conveniens* issue, the trial court is in the better position to assess the burdens on its own docket. *Langenhorst*, 219 Ill. 2d at 451. The defendants have not shown that this case could be resolved more quickly in Effingham County. Thus, the trial court did not abuse its discretion in finding that this factor does not strongly favor transfer.

¶ 39                                     III. CONCLUSION

¶ 40    In the case, the plaintiff's choice of forum merited substantial deference because a substantial part of the acts of legal malpractice giving rise to the plaintiff's injuries occurred in Madison County. The trial court balanced the private and public interest factors and evaluated the totality of the circumstances. The court concluded that the defendants failed to meet their burden to show that the balance of public or private interest factors strongly favored a transfer of the case to Effingham County. After reviewing the record, we find that the trial court did not abuse its discretion in denying the defendants' motion to transfer based on intrastate *forum non conveniens* grounds. Accordingly, the order of the circuit court is affirmed.

¶ 41    Affirmed.

2019 IL App (5th) 180568

NO. 5-18-0568

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| REBECCA KUJAWA, Special Administrator of the Estate of John Kujawa, Deceased, | ) ) ) | Appeal from the Circuit Court of Madison County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 17-L-321 |
| JOHN HOPKINS and JOHN J. HOPKINS & ASSOCIATES, P.C., | ) ) ) ) | Honorable William A. Mudge, |
| Defendants-Appellants. | ) | Judge, presiding. |

**Opinion Filed:**     August 5, 2019

**Justices:**     Honorable Judy L. Cates, J.

Honorable David K. Overstreet, P.J., and
Honorable James R. Moore, J.
Concur

**Attorney for Appellants**     Gary A. Meadows, HeplerBroom, LLC, 130 North Main Street, P.O. Box 510, Edwardsville, IL 62025

**Attorney for Appellee**     David C. Nelson, Nelson & Nelson, P.C., 420 North High Street, P.O. Box Y, Belleville, IL 62222