NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 190476-U

NO. 4-19-0476

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 6, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THERESA PRATT, Individually and as Executor of the Estate of Kenneth Pratt, Deceased, | ) ) | Appeal from Circuit Court of |
| Plaintiff-Appellant, | ) | Sangamon County |
| v. | ) | No. 17L258 |
| ARCHER DANIELS MIDLAND COMPANY, | ) | |
| Defendant-Appellee | ) | |
| | ) | |
| (Neil Oil Company, Inc., Third-Party Defendant-Appellee). | ) ) ) | Honorable Ryan M. Cadagin, Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Presiding Justice Steigmann and Justice Turner concurred in the judgment.

**ORDER**

¶ 1 *Held*: The appellate court affirmed, concluding the trial court did not abuse its discretion in granting defendant's motion to transfer venue.

¶ 2 In November 2017, plaintiff, Theresa Pratt, individually and as executor of the estate of Kenneth Pratt, filed a wrongful death and survival action against defendant, Archer Daniels Midland Company (ADM), in the circuit court of Sangamon County. In March 2018, ADM filed a third-party complaint against third-party defendant, Neil Oil Company, Inc. That same month, ADM filed a motion to transfer venue based on the doctrine of *forum non conveniens*. In June 2019, the trial court granted the motion to transfer venue.

¶ 3 This court allowed plaintiff's petition for leave to appeal under Illinois Supreme Court Rule 306(a)(2) (eff. Nov. 1, 2017). On appeal, plaintiff argues (1) the trial court abused its

discretion in finding ADM met its evidentiary burden and (2) the private and public interest factors disfavored transfer from Sangamon County. For the following reasons, we affirm the trial court's judgment.

¶ 4                                    I. BACKGROUND

¶ 5            In November 2017, plaintiff filed a wrongful death and survival action in the circuit court of Sangamon County. The complaint alleged ADM owned and operated a diesel storage tank in Quincy, Illinois. ADM owned and maintained a hose and pump attached to the tank that did not have any static elimination device. The complaint further alleged the pump was not designed for the transfer of diesel fuel. On March 4, 2016, decedent—an employee of Neil Oil Company—and an ADM employee worked together to transfer diesel fuel from the storage tank to a fuel truck. A static spark ignited, and decedent's clothes caught on fire. Decedent was badly burned and transferred to Memorial Medical Center in Springfield, Illinois, where numerous physicians treated decedent before his death on March 23, 2016.

¶ 6            Count I of the complaint alleged ADM owed a duty of care to provide safe and proper equipment to transfer diesel fuel. The equipment provided was unreasonably dangerous because the hose did not have a static elimination device and the pump was not designed to transfer diesel fuel. ADM negligently failed to provide a proper hose and pump, allowed the use of an improper and dangerous hose and pump, failed to provide proper warnings and instructions to the user of the hose and pump, and was otherwise negligent. The complaint alleged that, as a direct and proximate result of ADM's negligent acts, decedent suffered significant personal injuries and ultimately died due to those injuries. Count II incorporated the allegations of negligence and further alleged decedent was survived by his wife and two children.

¶ 7        In March 2018, ADM filed a motion to transfer based on the doctrine of *forum non conveniens*. In support of the motion, ADM argued plaintiff resided in Adams County, as did decedent's employer. The incident occurred in Adams County at the ADM diesel storage tank facility in Quincy. Additionally, plaintiff sought to preserve equipment located in Adams County, and ADM attached copies of the spoliation letter sent to ADM and plaintiff's motion for a protective order. ADM identified the maintenance mechanic present at the time of the incident and six members of the Quincy fire department who responded to the scene. Additionally, a fire and arson investigator for the Quincy fire department spoke with ADM and Neil Oil Company employees. ADM attached a copy of the Quincy fire department report including the names of the six responders and the eyewitness. ADM noted all the witnesses present at the time of or immediately after the incident were employed in or resided in Adams County. ADM argued decedent sought medical treatment in Adams County before being transferred to the hospital in Springfield. However, ADM argued decedent's treatment in Springfield was the only Sangamon County connection to the case, as the incident occurred in Adams County and numerous witnesses resided in Adams County. ADM contended the private interest factors strongly favored transfer to Adams County.

¶ 8        Regarding the public interest factors, ADM argued Adams County had a greater interest in providing a forum for the litigation because all the parties were residents of Adams County and the incident occurred in Adams County. Given the minimal interest Sangamon County had in the litigation, ADM argued it was unfair to impose the costs of the litigation and the burden of jury duty on the courts and residents of Sangamon County. Finally, ADM argued Adams County had a less congested docket than Sangamon County. ADM cited the Administrative Office of the Illinois Courts 2016 Annual Report showing, in part, 162 new cases

filed in the law division of Sangamon County with a jury demand seeking more than $50,000 in damages and 611 such cases pending at the end of 2016. In contrast, Adams County had 5 new cases with a jury demand seeking more than $50,000 in damages and 11 such cases pending at the end of 2016.

¶ 9        Plaintiff argued her choice of forum was entitled to substantial deference and should not be disturbed. Plaintiff further argued ADM's failure to file affidavits asserting the inconvenience of trial in Sangamon County required the motion to be denied. Plaintiff also asserted the private and public interest factors disfavored transfer.

¶ 10        Following a hearing on ADM's motion to transfer venue, the trial court stated, "I'm going to grant defendant's motion to transfer venue based off the doctrine *forum non inconveniens* [*sic*]. That's the doctrine considering all the public and private interest factors. Considering all of them, but, specifically, local controversies should be decided locally I think is persuasive. So[,] I will grant the transfer of venue."

¶ 11        This appeal followed.

¶ 12                                    II. ANALYSIS

¶ 13        On appeal, plaintiff argues (1) the trial court abused its discretion in finding ADM met its evidentiary burden and (2) the private and public interest factors disfavored transfer from Sangamon County. ADM asserts the trial court did not abuse its discretion in granting its motion to transfer based on the doctrine of *forum non conveniens*.

¶ 14        In ruling on a *forum non conveniens* motion, the court considers the relative convenience of a forum. *Langenhorst v. Norfolk Southern Railway Co.*, 219 Ill. 2d 430, 441, 848 N.E.2d 927, 934 (2006). "*Forum non conveniens* is an equitable doctrine founded in considerations of fundamental fairness and the sensible and effective administration of justice.

[Citation.] This doctrine allows a trial court to decline jurisdiction when trial in another forum 'would better serve the ends of justice.' " *Id.* (quoting *Vinson v. Allstate*, 144 Ill. 2d 306, 310, 579 N.E.2d 857, 858 (1991).

¶ 15 "The plaintiff has a substantial interest in choosing the forum where his rights will be vindicated, and the plaintiff's forum choice should rarely be disturbed unless the other factors strongly favor transfer." *First American Bank v. Guerine*, 198 Ill. 2d 511, 517, 764 N.E.2d 54, 58 (2002). However, the plaintiff's choice of forum receives less deference when neither the site of the incident nor the plaintiff's residence is in the chosen forum. *Id.* The plaintiff's chosen forum will prevail if venue is proper and the inconvenience factors attached to the plaintiff's chosen forum do not greatly outweigh the plaintiff's substantial right to try the case in the plaintiff's chosen forum. *Id.* at 520.

¶ 16 In ruling on a *forum non conveniens* motion, the trial court must weigh all relevant factors without emphasizing any single factor. *Langenhorst*, 219 Ill. 2d at 443. "In Illinois, the private interest factors include (1) the convenience of the parties; (2) the relative ease of access to sources of testimonial, documentary, and real evidence; and (3) all other practical problems that make trial of a case easy, expeditious, and inexpensive ***." *Guerine*, 198 Ill. 2d at 516. "Public interest factors include (1) the interest in deciding controversies locally; (2) the unfairness of imposing trial expense and the burden of jury duty on residents of a forum that has little connection to the litigation; and (3) the administrative difficulties presented by adding litigation to already congested court dockets." *Langenhorst*, 219 Ill. 2d at 443-44. The burden is on the defendant to show the relevant factors strongly favor transfer to another forum. *Id.* at 444.

¶ 17 The trial court is granted considerable discretion to rule on a *forum non conveniens* motion. *Id.* at 441. We reverse only if the circuit court abused its

discretion in balancing the relevant factors. *Id.* at 442. "A circuit court abuses its discretion in balancing the relevant factors only where no reasonable person would take the view adopted by the circuit court." *Id.* "This court has repeatedly noted that the *forum non conveniens* doctrine gives courts discretionary power that should be exercised *only in exceptional circumstances* when the interests of justice require a trial in a more convenient forum." (Emphasis in original.) *Id.*

¶ 18    Plaintiff asserts the trial court failed to engage in any analysis of the public and private factors. However, "[w]hen an appellate court reviews a trial court's *forum non conveniens* order, '[t]he issue is not the detail of the underlying order, but whether the circuit court abused its discretion.' " *Ruch v. Padgett*, 2015 IL App (1st) 142972, ¶ 40, 40 N.E.3d 448 (quoting *Estate of Rath v. Abbott Laboratories, Inc.*, 2012 IL App (5th) 100096, ¶ 23, 968 N.E.2d 1247). An inadequate record of the trial court's analysis does not, in and of itself, require reversal. *Id.*

¶ 19                          A. Defendant's Evidentiary Burden

¶ 20    Plaintiff first contends ADM has failed to provide competent evidence from a party or a witness in the form of an affidavit or testimony regarding the inconvenience of plaintiff's chosen forum. Plaintiff argues courts "have repeatedly found that the failure to provide a sufficient reason to transfer with competent evidence in and of itself is a sufficient basis to deny a motion to transfer." We first note the case law plaintiff primarily relies on involves a court of review affirming a lower court's decision to deny a *forum non conveniens* motion because the ruling was not an abuse of discretion. See *Langenhorst*, 219 Ill. 2d at 454.

¶ 21    Plaintiff asserts ADM was required to provide affidavits from witnesses indicating their unwillingness to testify in Sangamon County or their inconvenience if they were

to testify in Sangamon County. Plaintiff further argues ADM may not rely on exhibits attached to their motion to transfer because the exhibits were without foundation and irrelevant. Finally, plaintiff asserts ADM has failed to identify any witnesses in response to written interrogatories.

¶ 22        ADM argues plaintiff misconstrues the supreme court's holding in *Langenhorst*. Specifically, ADM asserts that *Langenhorst* did not impose a specific evidentiary burden on the moving party but expressly followed precedent and considered the relevant public and private factors.

¶ 23        In *Langenhorst*, the decedent was struck by a train in Clinton County. *Langenhorst*, 219 Ill. 2d at 434. The defendant railroad company's registered agent for service was in adjacent St. Clair County. *Id.* Multiple witnesses were scattered in various counties in Illinois, Indiana, and Missouri. *Id.* at 434-35. The plaintiff filed suit in St. Clair County and the defendants filed a motion to transfer to Clinton County based on the doctrine of *forum non conveniens*. *Id.* In support of the motion, the defendants filed affidavits stating trial in Clinton County would not be inconvenient and identified several neighbors who were at the scene of the incident. *Id.* at 437. The trial court denied the motion to transfer. *Id.* at 438-39.

¶ 24        The supreme court reviewed the standards for considering a motion based on the doctrine of *forum non conveniens*. *Id.* at 441-44. The court noted, "The burden is on the defendant to show that relevant private and public interest factors 'strongly favor' the defendant's choice of forum to warrant disturbing plaintiff's choice." *Id.* at 444. In considering the public and private factors, the supreme court concluded the total circumstances of the case did not strongly favor transfer to Clinton County. *Id.* at 448. In weighing the private interest factors, the court noted a visit to the incident site was not appropriate because the railroad crossing was substantially changed after the incident. Conversely, the plaintiff's investigator,

who resided in St. Clair County, had documented the conditions at the time of the incident and all the documentation was in St. Clair County. *Id.* at 449. Additionally, there were witnesses "disbursed among several counties, St. Louis, Missouri, and Indiana, required to travel regardless of the place of trial." *Id.* The court noted that no affidavits had been filed stating that St. Clair County would be an inconvenient forum for any of the witnesses. *Id.* at 450. The court concluded the defendants failed to show any inconvenience, particularly where St. Clair and Clinton counties were adjacent. *Id.* The court then considered the public interest factors and concluded the trial court did not abuse its discretion in denying the motion to transfer. *Id.* at 451-54.

¶ 25 Nothing in *Langenhorst* imposes a requirement that the moving party file affidavits asserting inconvenience to prevail on a motion to transfer. Rather, *Langenhorst* requires a court to balance the relevant private and public factors, while giving some measure of deference to plaintiff's chosen forum, in determining whether those factors strongly favor transfer.

¶ 26 The authority plaintiff relies on involved courts of review pointing out the weaknesses in a party's motion to transfer or dismiss while determining the lower court did not abuse its discretion in denying the *forum non conveniens* motion. They do not stand for the proposition that such a weakness *requires* the denial of a motion to transfer, nor do they stand for the proposition that a court has abused its discretion in granting a motion to transfer. Put another way, pointing to failures that support the denial of a motion to transfer does not mean such failures preclude the granting of a motion to transfer.

¶ 27 We further note a panel of the First District Appellate Court has rejected a similar argument in *Koss Corp. v. Sachdeva*, 2012 IL App (1st) 120379, ¶¶ 104-08, 975 N.E.2d 236. In

*Koss*, the trial court granted the defendant's interstate motion to dismiss the case based on *forum non conveniens*. *Id.* ¶ 2. The plaintiff appealed, arguing the defendant failed to meet its evidentiary burden because they did not provide affidavits from witnesses stating they would be unwilling to testify in Cook County. *Id.* ¶ 106. The First District Appellate Court rejected this argument, stating,

> "In the case at bar, [the defendant] did not proffer any evidence
>
> that witnesses are unwilling to testify in Cook County or that
>
> Illinois would be an inconvenient forum, and [the plaintiff] claims
>
> that the trial court thus abused its discretion when it held that
>
> Wisconsin is a more convenient forum for witnesses. However,
>
> we know of no rule that bars a trial court from inferring the relative
>
> convenience of alternative forums, based on its knowledge of their
>
> residence and workplace." *Id.*

The plaintiff in *Koss* relied on three cases plaintiff relies on in this case: *Erwin ex rel Erwin v. Motorola, Inc.*, 408 Ill. App. 3d 261, 945 N.E.2d 1153 (2011); *The Cradle Society v. Adopt America Network*, 389 Ill. App. 3d 73, 904 N.E.2d 1137 (2009); and *Brant v. Rosen*, 373 Ill. App. 3d 720, 869 N.E.2d 232 (2007). The appellate court rejected the reliance on these cases, concluding they all involved scenarios where the defendant had not yet identified witnesses and the court declined to speculate as to the unknown witnesses' willingness to testify. *Koss*, 2012 IL App (1st) 120379, ¶ 107.

¶ 28        Here, plaintiff claims ADM has yet to identify any witnesses in its responses to written interrogatories. Our review of the record shows that ADM identified numerous witnesses who resided in Adams County, including an eyewitness who worked in Adams County, six

members of the Quincy fire department, the fire and arson investigator, and a Neil Oil Company employee. Because ADM has identified some witnesses, it is not speculative to consider the inconvenience to the witnesses without requiring affidavits asserting their unwillingness to travel.

¶ 29    For the foregoing reasons, we reject plaintiff's argument that ADM's failure to file affidavits asserting Sangamon County was an inconvenient forum requires denial of their motion to transfer as a matter of law. Plaintiff's cited authority does not stand for the proposition that the moving party must produce affidavits from witnesses stating their unwillingness to travel to the chosen forum. Nor does the case law support the proposition that a trial court abuses its discretion in granting a motion to transfer in the absence of such affidavits. Rather, the authorities all stand for the proposition that this court reviews a trial court's ruling on a motion to transfer for an abuse of discretion. Accordingly, we turn to the relevant private and public interest factors to determine whether the trial court abused its discretion in determining ADM sustained its burden of showing the factors strongly favored transfer.

¶ 30                    B. Plaintiff's Choice of Forum

¶ 31    As discussed above, a plaintiff's choice of forum is afforded substantial deference. *Guerine*, 198 Ill. 2d at 517. However, the plaintiff's choice of forum receives less deference when neither the site of the incident nor the plaintiff's residence is in the chosen forum. *Id.* Plaintiff argues her choice should receive substantial deference because Sangamon County is within Illinois, which she alleges is her home forum. However, intrastate *forum non conveniens* analysis considers a party's county of residence as their "home forum." Therefore, plaintiff's home forum is Adams County. Accordingly, plaintiff's chosen forum—

Sangamon County—is neither the site of the incident nor the plaintiff's residence. We therefore accord plaintiff somewhat less deference. *Langenhorst*, 219 Ill. 2d at 448.

¶ 32                                    C. Private Interest Factors

¶ 33        Plaintiff asserts the private interest factors disfavor transfer of this case to Adams County. Specifically, plaintiff argues travel into Springfield is easier for the out-of-state witnesses than travel into Adams County. Further, plaintiff asserts numerous physicians who reside or work in Sangamon County will testify and two employees of ADM who reside in Decatur, Illinois, would have to travel a shorter distance to Sangamon County than Adams County. ADM argues multiple key witnesses either live or work in Adams County, plaintiff is a resident of Adams County, the parties' attorneys are in Adams County, and critical evidence is in Adams County.

¶ 34        As discussed above, private interest factors "include (1) the convenience of the parties; (2) the relative ease of access to sources of testimonial, documentary, and real evidence; and (3) all other practical problems that make trial of a case easy, expeditious, and inexpensive ***." *Guerine*, 198 Ill. 2d at 516.

¶ 35        We discussed plaintiff's response to ADM's arguments regarding inconvenience above. As said, we find the circuit court did not abuse its discretion in considering the inconvenience witnesses in Adams County would face with a trial in Sangamon County. Although plaintiff argues Springfield is more easily accessible than Quincy, most of the witnesses who must travel to testify will be expert witnesses. Their travel will be compensated, unlike the numerous fact witnesses located in Adams County. While we acknowledge plaintiff intends to call numerous physicians to testify about decedent's medical care and those physicians are in Springfield, this testimony does not go to the heart of this case. This is not a medical

malpractice case. This is a negligence case about an incident that occurred in Adams County—not Sangamon County.

¶ 36 We do not intend to minimize the impact of testimony from the physicians in this case, but testimony from 10 physicians would likely be cumulative and irrelevant to the elements of duty, breach, and causation necessary for plaintiff to prevail on her two negligence claims. It is undisputed decedent passed away in Sangamon County and received substantial medical care there, however his injuries were sustained in Adams County and he received his initial medical care in Adams County.

¶ 37 Plaintiff cites *Langenhorst* in support of her argument that the trial court abused its discretion in granting the motion to transfer when witnesses were dispersed throughout various counties in Illinois and Missouri. However, "[e]ach *forum non conveniens* case must be considered as unique on its facts." *Langenhorst*, 219 Ill. 2d at 443. While the potential witnesses in this case may be disbursed throughout Illinois—and indeed throughout the country—most of the key witnesses either reside in or work in Adams County. Moreover, our review is for an abuse of discretion. We cannot say no reasonable person would take the trial court's view as to the convenience of holding this trial in Adams County instead of Sangamon County.

¶ 38 The next factor weighs the relative ease of access to evidence. It is undisputed the incident occurred in Adams County, ADM has preserved physical evidence in Adams County, and the only eyewitness lives in a county in Missouri adjacent to Adams County. Moreover, a view of the incident site may be required (plaintiff does not argue the site has substantially changed or that a viewing would be inappropriate), which is relevant in considering the private interest factors. *Langenhorst*, 219 Ill. 2d at 449; *Dawdy*, 207 Ill. 2d at 178 ("This convenience

factor is not concerned with the *necessity* of viewing the site of the injury, but rather is concerned with the *possibility* of viewing the site, if appropriate." (Emphases in original.)). Indeed, the *only* evidence "located" in Sangamon County is testimonial—the testimony from decedent's treating physicians. Beyond the testimony from fact witnesses located in Adams County, there is physical evidence located in Adams County. Although plaintiff anticipates critical testimony from two ADM employees located in Decatur, there are many more key witnesses located in Adams County.

¶ 39　　　　Finally, both parties have counsel located in Adams County. Although this factor carries minimal weight, it is relevant. Therefore, we note counsel for the parties would also be inconvenienced by travel from Adams County to Sangamon County. *Schuster v. Richards*, 2018 IL App (1st) 171558, ¶ 35, n.3, 103 N.E.3d 545. While not dispositive, this factor is an appropriate consideration in the overall balancing test required by a *forum non conveniens* analysis.

¶ 40　　　　　　　　　　　D. Public Interest Factors

¶ 41　　　　Plaintiff argues the public interest factors weigh in favor of Sangamon County remaining the forum for the litigation. Specifically, plaintiff asserts the controversy is "local" to Sangamon County because decedent received most of his medical care in Sangamon County and the Sangamon County courts are not more congested than those of Adams County. ADM asserts the public interest factors support the trial court's decision to grant to motion to transfer the litigation to Adams County. "Public interest factors include (1) the interest in deciding controversies locally; (2) the unfairness of imposing trial expense and the burden of jury duty on residents of a forum that has little connection to the litigation; and (3) the administrative

difficulties presented by adding litigation to already congested court dockets." *Langenhorst*, 219 Ill. 2d at 443-44.

¶ 42          As to the public interest factor considering deciding controversies locally, we note the circumstances of this case primarily occurred in Adams County. Although decedent received extensive medical care in Springfield, the underlying incident and injury occurred in Adams County. The record shows decedent was known in the community and ADM has litigated previous lawsuits in Adams County. The fire occurred in Adams County, the Quincy Fire Department responded to the scene, and decedent received his initial medical care in Adams County. We note the trial court stated it found this factor the most persuasive.

¶ 43          Although plaintiff asserts this matter is local to Sangamon County due to decedent's medical care, we disagree. The heart of this controversy is ADM's alleged negligence in Adams County. Decedent received his initial medical care in Adams County, and the mere fact that ADM conducts business in Sangamon County does not mean Sangamon County has a significant interest in this specific litigation. As discussed, the incident occurred in Adams County and involved a resident of Adams County. Therefore, Adams County has a significant interest in this case, and it would not be unfair to burden Adams County residents with jury duty in this matter. *Dawdy*, 207 Ill. 2d at 183.

¶ 44          Finally, court congestion favors transfer to Adams County. *Schuster*, 2018 IL App (1st) 171558, ¶ 42. Plaintiff argues only 16 new cases with a jury demand seeking more than $50,000 in damages were filed in Sangamon County in 2017. However, as ADM points out, Sangamon County had 666 such cases pending at the end of 2017, while Adams County had only 182 such cases pending at the end of 2017. It was appropriate for the trial court to consider

court congestion as a factor in favor of transferring this case to Adams County, and it was not unreasonable to conclude that court congestion favored transfer.

¶ 45 Considering all the relevant private and public interest factors, we cannot say the trial court's decision to grant transfer of venue was unreasonable. We conclude the trial court did not abuse its discretion in transferring this case to Adams County, the county where plaintiff resides, and where the incident occurred. Accordingly, we affirm the judgment of the trial court.

¶ 46 III. CONCLUSION

¶ 47 For the reasons stated, we affirm the trial court's judgment.

¶ 48 Affirmed.